PERKINS COIE LLP
Sarah Fowler (Bar No. 264838)
Amisha Manek (Bar No. 305163)
3150 Porter Drive
Palo Alto, CA 94304-1212
Phone: 650.838.4300
SFowler@perkinscoie.com
AManek@perkinscoie.com

PERKINS COIE LLP
Gene W. Lee (*not yet admitted*)
Thomas Matthew (*not yet admitted*)
1155 Avenue of the Americas, 22nd floor
New York, NY 10112-0015
212.262.6900
GLee@perkinscoie.com
TMatthew@perkinscoie.com

*Attorneys for Plaintiff Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC., a Delaware corporation,<br><br>   Plaintiff,<br><br>              v.<br><br>VOIP-PAL.COM, INC., a Nevada corporation,<br><br>   Defendant. | No. 20-cv-2397<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## I. INTRODUCTION

1. This Complaint for declaratory judgment of noninfringement ("Declaratory Judgment Complaint") arises from a real and immediate controversy between plaintiff Twitter, Inc. ("Twitter"), and defendant VoIP-Pal.com Inc. ("VoIP-Pal"), as to whether Twitter infringes any claims of U.S. Patent 10,218,606 (the "'606 patent"; Exhibit 1), entitled, "Producing Routing Messages For Voice Over IP Communications."

2. The '606 patent is a member of a family that includes six other patents that VoIP-Pal has asserted in prior lawsuits in this Court against Twitter, Apple, AT&T, Verizon Wireless, and Amazon ("first and second wave actions"). The '606 patent shares a common specification with the six previously-asserted patents. All six of the previously-asserted patents were found to be invalid under 35 U.S.C. § 101 for claiming ineligible subject matter.

3. During the past week (April 2-7, 2020), VoIP-Pal filed new lawsuits in the Western District of Texas asserting the '606 patent against Facebook, WhatsApp, Google, Amazon, and Apple (the "Texas lawsuits"). The claims of the '606 patent asserted in these new lawsuits are very similar to the claims of one or more of the patents that VoIP-Pal previously asserted in the first and second wave actions and were found to be invalid by this Court.

4. On April 8, 2020, VoIP-Pal issued a press release stating that VoIP-Pal is considering taking further action and is not finished taking action in the wake of a recent decision by the Court of Appeals for the Federal Circuit in favor of Twitter, Apple, AT&T, and Verizon that affirmed this Court's judgment that two of VoIP-Pal's previously-asserted patents are invalid under 35 U.S.C. § 101.

5. Twitter believes that it does not infringe and has not infringed any claims of the '606 patent.

6. VoIP-Pal's actions have created a real and immediate controversy between VoIP-Pal and Twitter as to whether Twitter's products and/or services infringe any claims of the '606 patent. The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning this issue.

## II. PARTIES

7. Plaintiff Twitter is a company incorporated under the laws of Delaware, with headquarters at 1355 Market Street, Suite 900, San Francisco, California.

8. Twitter operates a global Internet platform for public self-expression and conversation in real time. People with a Twitter account can post "Tweets"— messages of 280 characters or less, sometimes with pictures or video and these messages can be read by other people using the Twitter platform. They may, in turn, "Retweet" those messages to their own followers. Users can include "hashtagged" keywords (indicated by a "#") in their Tweets to facilitate searching for messages on the same topic. People who use Twitter can also send direct messages to other users that can contain images and video. Each day, people post hundreds of millions of Tweets, engaging in public conversation on virtually every conceivable topic.

9. Based on information and belief, including VoIP-Pal's complaints in the Texas litigations, defendant VoIP-Pal is a company incorporated under the laws of Nevada, with its principal place of business at 10900 NE 4th Street, Suite 2300, Bellevue, Washington 98004.

10. Based on information and belief, including VoIP-Pal's complaints in the Texas litigations, VoIP-Pal is the owner of the '606 patent.

## III. JURISDICTION AND VENUE

11. This Declaratory Judgment Complaint includes a count for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

12. Twitter seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

13. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202. Jurisdiction is also proper under 28 U.S.C. § 1332 because Twitter and VoIP-Pal are citizens of different states, and the value of the controversy exceeds $75,000.

14. This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of

this Court's jurisdiction pursuant to 28 U.S.C. § 2201. An actual case and controversy exists at least because VoIP-Pal previously filed lawsuits against Twitter and other defendants alleging infringement of U.S. Patent 9,179,005 (the "'005 patent"; Exhibit 2) and other related patents; the '606 patent is a member of a family that includes six other patents that VoIP-Pal previously asserted in the first and second wave actions and shares a common specification with those six patents; the claims of the '005 patent that were previously asserted in litigation against Twitter are very similar to claims of the '606 patent that VoIP-Pal is now asserting in the new Texas lawsuits—including against Amazon and Apple, which were previously sued by VoIP-Pal; VoIP-Pal's public statements to the effect that it is considering taking further action and is not finished taking action in the wake of recent decision by the Federal Circuit affirming the judgment that the claims of the '005 patent that VoIP-Pal previously asserted against Twitter are invalid; and Twitter does not infringe and has not infringed any claims of the '606 patent.

15. This Court has personal jurisdiction over VoIP-Pal because VoIP-Pal has engaged in actions in this District that form the basis of Twitter's claims against VoIP-Pal—namely, the prosecution of a prior patent infringement lawsuit involving the '005 patent against Twitter in this District, voluntarily transferring to this District the first wave actions against Apple, AT&T, and Verizon, and filing the second wave actions against Apple and Amazon in this District. VoIP-Pal's actions have created a real, live, immediate, and justiciable case or controversy between VoIP-Pal and Twitter.

16. As a result of VoIP-Pal's conduct described above, VoIP-Pal has consciously and purposely directed allegations of infringement of the '606 patent at Twitter, a company that resides and operates in this District.

17. In doing so, VoIP-Pal has established sufficient minimum contacts with the Northern District of California such that VoIP-Pal is subject to specific personal jurisdiction in the Northern District of California. Further, the exercise of personal jurisdiction based on these repeated and highly-pertinent contacts does not offend traditional notions of fairness and substantial justice.

18.  Venue is proper under this district under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for noninfringement of patents is determined under the general venue statute, 28 U.S.C. § 1391.

19.  Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides.  An entity with the capacity to sue and be sued, such as VoIP-Pal, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

20.  As discussed above, VoIP-Pal is subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, for the purposes of this action, VoIP-Pal resides in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

## IV. Factual Background

### A. VoIP-Pal's Prior Lawsuits (First And Second Wave Actions)

21.  In 2016, VoIP-Pal filed lawsuits in the District of Nevada against Twitter, Apple, AT&T, and Verizon Wireless, alleging infringement of two patents, U.S. Patents 8,542,815 and 9,179,005 (the "'815 patent" and "'005 patent," respectively).  Between August and November of 2018, all four of those actions were transferred to this Court and consolidated for pretrial purposes: Twitter (Case No. 5:18-cv-04523-LHK), Verizon Wireless (Case No. 18-cv-06054-LHK), AT&T (Case No. 3:18-cv-06177-LHK), and Apple (Case No. 3:18-cv-06217-LHK) (collectively, the "first wave actions").

22.  Twitter and the other defendants in the first wave actions filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the '815 and '005 patents are invalid under 35 U.S.C. § 101.  On March 25, 2019, this Court granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid.  VoIP-Pal appealed.  On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity.

23.  In October and November 2018, VoIP-Pal filed two additional lawsuits against Apple (Case No. 5:18-cv-06216-LHK) and Amazon (Case No. 5:18-cv-07020-LHK) (collectively, the "second wave actions").  In these lawsuits, VoIP-Pal alleged infringement of four patents, U.S. Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549.  These four patents are

5

in the same family as and share a common specification with the two patents that were asserted in the first wave actions.

24. In the second wave actions, Apple and Amazon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the four asserted patents are invalid under 35 U.S.C. § 101. On November 19, 2019, this Court granted the motion to dismiss and found all asserted claims of the patents in the second wave actions to be invalid. VoIP-Pal has filed an appeal, which is pending.

**B.  VoIP-Pal's New Texas Lawsuits And Press Release**

25. During the past week (April 2-7, 2020), VoIP-Pal filed four new lawsuits in the Western District of Texas, Waco Division, against defendants Facebook and WhatsApp (Civil Action No. 20-cv-267) and Google (Civil Action No. 20-cv-269) and previously-sued defendants Amazon (Civil Action No. 20-cv-272), and Apple (Civil Action No. 20-cv-275) (collectively, the "Texas lawsuits"). (Complaints attached as Exhibits 3-6.)

26. In the Texas lawsuits, VoIP-Pal alleges infringement of U.S. Patent 10,218,606 (the "'606 patent"; Exhibit 1), which is entitled, "Producing Routing Messages For Voice Over IP Communications," and, on its face, issued on February 26, 2019.

27. The '606 patent is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in the first and second wave actions and were found to be invalid by this Court.

28. The complaints in the Texas lawsuits identify claims 1, 8, 15, and 19 of the '606 patent as examples of claims that are infringed by one or more defendants in the Texas lawsuits (Exhibits 3-6). These exemplary claims of the '606 patent are very similar to claims of the '005 patent that VoIP-Pal asserted against Twitter, Apple, AT&T, and Verizon in the first wave actions (for example, claim 74 of the '005 patent).

29. VoIP-Pal's infringement allegations in the Texas lawsuits are similar to VoIP-Pal's infringement allegations in the first wave and second wave actions (including against some of the same defendants), and are directed to accused instrumentalities that are similar to Twitter's products and services (for example, communications involving text, images, and videos).

6

COMPLAINT FOR DECLARATORY JUDGMENT
NO. 20-CV-2397

30. Twitter believes that it does not infringe and has not infringed any claims of the '606 patent.

31. On April 8, 2020, VoIP-Pal issued a press release that announced the filing of the Texas lawsuits (Exhibit 7 and https://www.voip-pal.com/voip-pal-new-patent-lawsuits-april-). The press release also mentioned the Federal Circuit's affirmance of this Court's judgment of invalidity in the first wave lawsuits against Twitter, Apple, AT&T, and Verizon. The press release states that, in the wake of the Federal Circuit decision, VoIP-Pal is considering taking further action and "planning their next moves." VoIP-Pal's CEO is quoted as saying, "Our legal team is assessing our next moves regarding this Alice decision and we expect to announce our intentions soon. *I can tell you; we are not finished*." (Exhibit 7 (emphasis added).)

**FIRST CLAIM FOR RELIEF**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '606 PATENT BY TWITTER)**

32. The facts and allegations contained in the preceding paragraphs are incorporated by reference herein.

33. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Twitter, on the one hand, and VoIP-Pal, on the other, regarding whether Twitter's products and services infringe any claims of the '606 patent.

34. For example, an actual case and controversy exists at least because VoIP-Pal previously filed lawsuits against Twitter and other defendants alleging infringement of the '005 patent and other related patents in the first and second wave actions; the '606 patent is a member of a family that includes six other patents that VoIP-Pal previously asserted in the first and second wave actions and shares a common specification with those six patents; the claims of the '005 patent that were previously asserted in litigation against Twitter are very similar to claims of the '606 patent that VoIP-Pal is now asserting in the new Texas lawsuits—including against Amazon and Apple, which were previously sued by VoIP-Pal; VoIP-Pal's public statements to the effect that it is considering taking further action and is not finished taking action in the wake of recent decision by the Federal Circuit affirming the judgment that the claims of the '005 patent that

VoIP-Pal previously asserted against Twitter are invalid; and Twitter believes that it does not infringe and has not infringed any claims of the '606 patent.

35. Twitter does not infringe and has not infringed any claims of the '606 patent because, for example, no Twitter product or service meets or embodies the limitation of "processing the new second participant identifier, using the at least one processor, to determine whether the second network element is the same as the first network element," "when the second network element is determined to be the same as the first network element, producing a routing message identifying a first network address associated with the first network element," and "when the second network element is determined not to be the same as the first network element, producing a routing message identifying a second network address associated with the second network element."

36. In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Twitter, on the one hand, and VoIP-Pal, on the other, regarding whether Twitter's products and services infringe any claims of the '606 patent.

37. Twitter is entitled to a judgment declaring that no Twitter products or services infringe the '606 patent.

**PRAYER FOR RELIEF**

Twitter respectfully requests that this Court enter judgment against VoIP-Pal as follows:

A. A declaration that the Twitter products and services do not infringe any claims of the '606 patent;

B. For attorney's fees and costs;

C. Such other and further relief as this Court or a jury may deem just and proper.

DATED: April 8, 2020         **PERKINS COIE LLP**

By: */s/ Sarah Fowler*
    Sarah Fowler
    Amisha Manek
    Gene Lee
    Thomas Matthew

*Attorneys for Plaintiff Twitter, Inc.*