PERKINS COIE LLP
Sarah Fowler (Bar No. 264838)
Amisha Manek (Bar No. 305163)
3150 Porter Drive
Palo Alto, CA 94304-1212
Phone: 650.838.4300
SFowler@perkinscoie.com
AManek@perkinscoie.com

PERKINS COIE LLP
Gene W. Lee (*pro hac vice*)
Thomas Matthew (*pro hac vice*)
1155 Avenue of the Americas, 22nd floor
New York, NY 10112-0015
212.262.6900
GLee@perkinscoie.com
TMatthew@perkinscoie.com

*Attorneys for Plaintiff Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TWITTER, INC., a Delaware corporation,

    Plaintiff,

          v.

VOIP-PAL.COM, INC., a Nevada corporation,

          Defendant.

No. 20-cv-2397-LHK

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

# I. INTRODUCTION

1.      This First Amended Complaint for declaratory judgment of noninfringement ("Declaratory Judgment Complaint") arises from a real and immediate controversy between plaintiff Twitter, Inc. ("Twitter"), and defendant VoIP-Pal.com Inc. ("VoIP-Pal"), as to whether Twitter infringes any claims of U.S. Patent 10,218,606 ("the '606 patent"; Exhibit 1), entitled, "Producing Routing Messages For Voice Over IP Communications," and whether the '606 patent is valid.

2.      The '606 patent is a member of a family that includes six other patents that VoIP-Pal has asserted in prior lawsuits in this Court against Twitter, Apple, AT&T, Verizon Wireless, and Amazon ("first and second wave actions").  The '606 patent shares a common specification with the six previously-asserted patents.  All six of the previously-asserted patents were found to be invalid under 35 U.S.C. § 101 for claiming ineligible subject matter, including U.S. Patent 9,179,005 ("the '005 patent"; Exhibit 2), which was asserted against Twitter.

3.      During April 2-7, 2020, VoIP-Pal filed new lawsuits in the Western District of Texas asserting the '606 patent against Facebook, WhatsApp, Google, Amazon, and Apple.  The claims of the '606 patent asserted in those new lawsuits are very similar to the claims of one or more of the patents that VoIP-Pal previously asserted in the first and second wave actions and were found to be invalid by this Court.

4.      On April 8, 2020, VoIP-Pal issued a press release stating that VoIP-Pal is considering taking further action and is not finished taking action in the wake of a recent decision by the Court of Appeals for the Federal Circuit in favor of Twitter, Apple, AT&T, and Verizon that affirmed this Court's judgment that two of VoIP-Pal's previously-asserted patents are invalid under 35 U.S.C. § 101.

5.      On April 24, 2020, VoIP-Pal filed new lawsuits in the Western District of Texas asserting the '606 patent against AT&T and Verizon Wireless.  (VoIP-Pal's lawsuits against Facebook, WhatsApp, Google, Amazon, Apple, AT&T, and Verizon Wireless are referred to herein as "the Texas lawsuits.")

6.      The claims of the '606 patent asserted in those new lawsuits are very similar to the claims of one or more of the patents that VoIP-Pal previously asserted in the first and second wave actions and were found to be invalid by this Court, including the '005 patent, which was asserted against Twitter (Exhibits 2 and 10).  The Federal Circuit has affirmed this Court's judgment of invalidity for the two patents asserted in the first wave lawsuits, including the '005 patent, which was asserted against Twitter.  VoIP-Pal's appeal of this Court's judgment of invalidity for the four patents asserted in the second wave lawsuits is pending.

7.      Twitter believes that it does not infringe and has not infringed any claims of the '606 patent, and that the claims of the '606 patent are invalid.

8.      VoIP-Pal's actions have created a real and immediate controversy between VoIP-Pal and Twitter as to whether Twitter's products and/or services infringe any claims of the '606 patent, and whether the '606 patent is valid.  The facts and allegations recited herein show that there is a real, immediate, and justiciable controversy concerning these issues.

## II. PARTIES

9.      Plaintiff Twitter is a company incorporated under the laws of Delaware, with headquarters at 1355 Market Street, Suite 900, San Francisco, California.

10.     Twitter operates a global Internet platform for public self-expression and conversation in real time.  People with a Twitter account can post "Tweets"— messages of 280 characters or less, sometimes with pictures or video, and those messages can be read by other people using the Twitter platform.  They may, in turn, "Retweet" those messages to their own followers. Users can include "hashtagged" keywords (indicated by a "#") in their Tweets to facilitate searching for messages on the same topic. People who use Twitter can also send direct messages to other users that can contain images and video. Each day, people post hundreds of millions of Tweets, engaging in public conversation on virtually every conceivable topic.

11.     Based on information and belief, including VoIP-Pal's complaints in the Texas lawsuits, defendant VoIP-Pal is a company incorporated under the laws of Nevada, with its principal place of business at 10900 NE 4th Street, Suite 2300, Bellevue, Washington 98004.

3

12.     Based on information and belief, including VoIP-Pal's complaints in the Texas lawsuits, VoIP-Pal is the owner of the '606 patent.

### III.   JURISDICTION AND VENUE

13.     This Declaratory Judgment Complaint includes a count for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

14.     Twitter seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

15.     This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Jurisdiction is also proper under 28 U.S.C. § 1332 because Twitter and VoIP-Pal are citizens of different states, and the value of the controversy exceeds $75,000.

16.     This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.  An actual case and controversy exists at least because VoIP-Pal previously filed lawsuits against Twitter and other defendants alleging infringement of the '005 patent and other related patents; the '606 patent is a member of a family that includes six other patents that VoIP-Pal previously asserted in the first and second wave actions and shares a common specification with those six patents; the claims of the '005 patent that were previously asserted in litigation against Twitter are very similar to claims of the '606 patent that VoIP-Pal is now asserting in the Texas lawsuits—including against Amazon, Apple, AT&T, and Verizon Wireless, which were previously sued by VoIP-Pal.  All six patents previously asserted by VoIP-Pal were held invalid under 35 U.S.C. § 101 by this Court, and— based on the substantial similarities between those invalid claims and the claims of the '606 patent—the '606 patent is invalid for at least the same reasons.  Furthermore, VoIP-Pal's public statements to the effect that it is considering taking further action and is not finished taking action in the wake of recent decision by the Federal Circuit affirming the judgment that the claims of the

4

'005 patent that VoIP-Pal previously asserted against Twitter are invalid; and Twitter does not infringe and has not infringed any claims of the '606 patent.

17.     On June 4, 2020, counsel for Twitter asked counsel for VoIP-Pal whether VoIP-Pal would be willing to grant Twitter a covenant not to sue based on the '606 patent.  On June 11, 2020, counsel for VoIP-Pal declined to discuss a covenant not to sue, responding as follows: "VoIP-Pal's position is that Twitter's declaratory judgment complaint lacked subject matter jurisdiction at the time it was filed and therefore should be dismissed.  Accordingly, VoIP-Pal does not believe that a covenant not to sue needs to be discussed under the present circumstances. This response should not be construed as a refusal to grant a covenant not to sue."  To date, VoIP-Pal has declined to give Twitter a covenant not to sue based on the '606 patent.

18.     This Court has personal jurisdiction over VoIP-Pal because VoIP-Pal has engaged in actions in this District that form the basis of Twitter's claims against VoIP-Pal—namely, prosecuting a prior patent infringement lawsuit involving the '005 patent against Twitter in this District, voluntarily transferring to this District the first wave actions against Apple, AT&T, and Verizon, and filing the second wave actions against Apple and Amazon in this District.  VoIP-Pal's actions have created a real, live, immediate, and justiciable case or controversy between VoIP-Pal and Twitter.

19.     As a result of VoIP-Pal's conduct described above, VoIP-Pal has consciously and purposely directed allegations of infringement of the '606 patent at Twitter, a company that resides and operates in this District.

20.     In doing so, VoIP-Pal has established sufficient minimum contacts with the Northern District of California such that VoIP-Pal is subject to specific personal jurisdiction in the Northern District of California for this action.  Further, the exercise of personal jurisdiction based on those repeated and highly-pertinent contacts does not offend traditional notions of fairness and substantial justice.

21.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for noninfringement of patents is determined under the general venue statute, 28 U.S.C. § 1391.

5

22.     Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides.  An entity with the capacity to sue and be sued, such as VoIP-Pal, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

23.     As discussed above, VoIP-Pal is subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, for the purposes of this action, VoIP-Pal resides in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

## IV.  FACTUAL BACKGROUND

### A.     VoIP-Pal's Prior Lawsuits (First And Second Wave Actions)

24.     In 2016, VoIP-Pal filed lawsuits in the District of Nevada against Twitter, Apple, AT&T, and Verizon Wireless, alleging infringement of two patents, U.S. Patents 8,542,815 and 9,179,005 (the "'815 patent" and "'005 patent," respectively).  Between August and November of 2018, all four of those actions were transferred to this Court and consolidated for pretrial purposes:  Twitter (Case No. 5:18-cv-04523-LHK), Verizon Wireless (Case No. 18-cv-06054-LHK), AT&T (Case No. 3:18-cv-06177-LHK), and Apple (Case No. 3:18-cv-06217-LHK) (collectively, the "first wave actions").

25.     Twitter and the other defendants in the first wave actions filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the '815 and '005 patents are invalid under 35 U.S.C. § 101.  On March 25, 2019, this Court granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid (Exhibit 10).  VoIP-Pal appealed.  On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity.

26.     In October and November 2018, VoIP-Pal filed two additional lawsuits against Apple (Case No. 5:18-cv-06216-LHK) and Amazon (Case No. 5:18-cv-07020-LHK) (collectively, the "second wave actions").  In those lawsuits, VoIP-Pal alleged infringement of four patents, U.S. Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549.  Those four patents are in the same family as and share a common specification with the two patents that were asserted in the first wave actions.

27.     In the second wave actions, Apple and Amazon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the four asserted patents are invalid under 35 U.S.C. § 101.  On November 19, 2019, this Court granted the motion to dismiss and found all asserted claims of the patents in the second wave actions to be invalid.  VoIP-Pal has filed an appeal, which is pending.

**B.      VoIP-Pal's New Texas Lawsuits And Press Release**

28.     During April 2-7, 2020, VoIP-Pal filed four new lawsuits in the Western District of Texas, Waco Division, against defendants Facebook and WhatsApp (Civil Action No. 20-cv-267) and Google (Civil Action No. 20-cv-269) and previously-sued defendants Amazon (Civil Action No. 20-cv-272), and Apple (Civil Action No. 20-cv-275).  On April 24, 2020, VoIP-Pal filed new lawsuits in the Western District of Texas asserting the '606 patent against AT&T (Civil Action No. 20-cv-325) and Verizon Wireless (Civil Action No. 20-cv-327).  (Voip-Pal's lawsuits against Facebook, WhatsApp, Google, Amazon, Apple, AT&T, and Verizon Wireless are referred to herein as "the Texas lawsuits"; complaints attached as Exhibits 3-8.)

29.     In the Texas lawsuits, VoIP-Pal alleges infringement of U.S. Patent 10,218,606 (the "'606 patent"; Exhibit 1), which is entitled, "Producing Routing Messages For Voice Over IP Communications," and, on its face, issued on February 26, 2019.

30.     The '606 patent is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in the first and second wave actions and were found to be invalid by this Court.

31.     The complaints in the Texas lawsuits identify claims 1, 8, 15, and 19 of the '606 patent as examples of claims that are infringed by one or more defendants in the Texas lawsuits (Exhibits 3-8).  These exemplary claims of the '606 patent are very similar to claims of the '005 patent that VoIP-Pal asserted against Twitter, Apple, AT&T, and Verizon in the first wave actions (for example, claim 74 of the '005 patent) and were held to be invalid.

32.     VoIP-Pal's infringement allegations in the Texas lawsuits are similar to VoIP-Pal's infringement allegations in the first wave and second wave actions (including against many of the same prior defendants), and are directed to accused instrumentalities that are similar to

7

Twitter's products and services (for example, communications involving text, images, and videos).

33.     Twitter believes that it does not infringe and has not infringed any claims of the '606 patent and that the claims of the '606 patent are invalid.

34.     On April 8, 2020, VoIP-Pal issued a press release that announced the filing of the Texas lawsuits (Exhibit 9 and https://www.voip-pal.com/voip-pal-new-patent-lawsuits-april-). The press release also mentioned the Federal Circuit's affirmance of this Court's judgment of invalidity in the first wave lawsuits against Twitter, Apple, AT&T, and Verizon.  The press release states that, in the wake of the Federal Circuit decision, VoIP-Pal is considering taking further action and "planning their next moves."  VoIP-Pal's CEO is quoted as saying, "Our legal team is assessing our next moves regarding this Alice decision and we expect to announce our intentions soon.  *I can tell you; we are not finished*," and "We remain firm in our resolve to achieve monetization for our shareholders and will continue to see this fight through until a successful resolution is reached.  Patience is a virtue."  (Exhibit 9 (emphasis added).)

**FIRST CLAIM FOR RELIEF**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '606 PATENT BY TWITTER)**

35.     The facts and allegations contained in the preceding paragraphs are incorporated by reference herein.

36.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Twitter, on the one hand, and VoIP-Pal, on the other, regarding whether Twitter's products and services infringe any claims of the '606 patent.

37.     For example, an actual case and controversy exists at least because VoIP-Pal previously filed lawsuits against Twitter and other defendants alleging infringement of the '005 patent and other related patents in the first and second wave actions; the '606 patent is a member of a family that includes six other patents that VoIP-Pal previously asserted in the first and second wave actions and shares a common specification with those six patents; the claims of the '005 patent that were previously asserted in litigation against Twitter are very similar to claims of the '606 patent that VoIP-Pal is now asserting in the new Texas lawsuits—including against Amazon,

Apple, AT&T, and Verizon Wireless, which were previously sued by VoIP-Pal; VoIP-Pal's public statements to the effect that it is considering taking further action and is not finished taking action in the wake of recent decision by the Federal Circuit affirming the judgment that the claims of the '005 patent that VoIP-Pal previously asserted against Twitter are invalid; Twitter has asked VoIP-Pal for a covenant not to sue for the '606 patent, but VoIP-Pal has declined to give Twitter a covenant not to sue; and Twitter believes that it does not infringe and has not infringed any claims of the '606 patent.

38.     Twitter does not infringe and has not infringed any claims of the '606 patent because, for example, no Twitter product or service meets or embodies the limitation of "processing the new second participant identifier, using the at least one processor, to determine whether the second network element is the same as the first network element," "when the second network element is determined to be the same as the first network element, producing a routing message identifying a first network address associated with the first network element," and "when the second network element is determined not to be the same as the first network element, producing a routing message identifying a second network address associated with the second network element."

39.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Twitter, on the one hand, and VoIP-Pal, on the other, regarding whether Twitter's products and services infringe any claims of the '606 patent.

40.     Twitter is entitled to a judgment declaring that no Twitter products or services infringe the '606 patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment Of Invalidity Of The '606 Patent By Twitter)

41.     The facts and allegations contained in the preceding paragraphs are incorporated by reference herein.

42.     In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Twitter, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '606 patent is valid.

9

43.     The '606 patent, which on its face issued on February 26, 2019, during the pendency of VoIP-Pal's lawsuit against Twitter in this Court, is in the same family as and shares a common specification with the '005 patent that VoIP-Pal asserted in earlier litigation against Twitter.  This Court held that the asserted claims of the '005 patent and five other related patents were all invalid under 35 U.S.C. § 101.

44.     Like those already-invalidated claims, the claims of the '606 patent are invalid under 35 U.S.C. § 101.  For example, the claims of the '606 patent (including claim 15) are directed to the abstract idea of routing a communication based on characteristics of the participants—an idea that this Court held was abstract in analyzing VoIP-Pal's previously-asserted patents, including representative claim 74 of the '005 patent that was asserted against Twitter.  (*See* Exhibit 10 at 34-39 (finding claim 74 of the '005 patent to be directed to the abstract idea of "routing a call based on the characteristics of a caller and callee").)  Furthermore, consistent with this Court's earlier judgments concerning related patents, none of the claims of the '606 patent recites an inventive concept when their elements are considered either individually or as an ordered combination.  (*See* Exhibit 10 at 39-42 (finding that claim 74 of the '005 patent does not contain an inventive concept).)  For example, the claims of the '606 patent (including claim 15) recite generic computer components (like a "packet switched communication system," a "processor," and a "database") that the specification admits were not invented by VoIP-Pal and that operate in their expected manner.

45.     In view of the foregoing, there is an actual, justiciable, substantial, and immediate controversy between Twitter, on the one hand, and VoIP-Pal, on the other, regarding whether any claim of the '606 patent is valid.

46.     Twitter is entitled to judgment declaring that the claims of the '606 patent are invalid at least under 35 U.S.C. § 101.

## PRAYER FOR RELIEF

Twitter respectfully requests that this Court enter judgment against VoIP-Pal as follows:

A.     A declaration that the Twitter products and services do not infringe any claims of the '606 patent;

10

B.     A declaration that the claims of the '606 patent are invalid;

C.     For attorney's fees and costs;

D.     Such other and further relief as this Court or a jury may deem just and proper.

DATED:  June 26, 2020        **PERKINS COIE LLP**

By: */s/ Gene Lee*
    Sarah Fowler
    Amisha Manek
    Gene Lee
    Thomas Matthew

*Attorneys for Plaintiff Twitter, Inc.*