# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC., | Case No. 5:20-cv-02397-LHK |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | MODIFIED BY THE COURT |
| VOIP-PAL.COM, INC., | |
| Defendant. | |
| APPLE INC., | Case No. 5:20-cv-02460-LHK |
| Plaintiff, | |
| v. | |
| VOIP-PAL.COM, INC., | |
| Defendant. | |
| AT&T CORP., AT&T SERVICES, INC., AND AT&T MOBILITY LLC, | Case No. 5:20-cv-02995-LHK |
| Plaintiffs, | |
| v. | |
| VOIP-PAL.COM, INC., | |
| Defendant. | |
| CELLCO PARTNERSHIP d/b/a/ Verizon Wireless, | |
| Plaintiff, | |
| v. | Case No. 5:20-cv-03092-LHK |
| VOIP-PAL.COM, INC., | |
| Defendant. | |

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the Parties are entitled to keep confidential, ensure that only materials the Parties are entitled to keep confidential are subject to such treatment, and ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## I.      Definitions

A.      "Discovery Material" means all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case.

B.      "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

C.      "Party" means any party to this case, including all of its officers, directors, employees, consultants, retained experts, and outside counsel and their support staffs.

D.      "Producing Party" means any Party or non-party that discloses or produces any Discovery Material in this case.

E.      "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

F.      "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component.

## II.    DURATION

A.    Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

## III.    INFORMATION SUBJECT TO THIS ORDER

A.    Discovery Materials produced in this case may be labeled as one of three categories:  "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" as set forth in Sections III.J., K., L. below.   All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."   This Order shall encompass not only Protected Information, but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Information; and (4) briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Information.

B.    Protected Information designated under the terms of this Protective Order shall be used by a Receiving Party solely for this case or any related appellate proceeding, and shall not be used directly or indirectly for any other purpose whatsoever, including without limitation any other litigation, patent prosecution, acquisition, or post-grant proceedings, or any business or competitive purpose or function.  Protected Information shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

C.    The same or related patents are at issue in the cases between Defendant and Plaintiffs Twitter, Inc., Case No. 5:20-cv-02397-LHK (N.D. Cal.); Apple Inc., Case No. 5:20-cv-02460-LHK (N.D. Cal.); AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC, Case No. 5:20-cv-02995-LHK (N.D. Cal.); and Cellco Partnership d/b/a Verizon Wireless, Case No. 5:20-cv-03092-LHK (N.D. Cal.). To the extent that any Plaintiff in this litigation provides Protected Information under the terms of this Protective Order to Defendant, Defendant shall not share that material with other parties in any litigation, including the above-identified litigations, absent express written

permission from the producing Plaintiff or a court order.  This Order does not confer any right to any one Plaintiff to access the Protected Information of any other Plaintiff in the above-identified litigations. Notwithstanding the provisions of this Protective Order, Defendant shall not disclose one Plaintiff's Protected Information to any other Plaintiff or Plaintiffs in related or consolidated litigations through Court filings, oral argument in Court, expert reports, deposition, discovery requests, discovery responses, or any other means, without the express prior written consent of the Plaintiff that produced the Protected Information.

D.     The Parties acknowledge that this Order does not confer blanket protections on all disclosures during discovery, or in the course of making initial or supplemental disclosures under Rule 26(a).  Designations under this Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the criteria set forth below.  If it comes to a Producing Party's attention that designated material does not qualify for protection at all, or does not qualify for the level of protection initially asserted, the Producing Party must promptly notify all other Parties that it is withdrawing or changing the designation.

E.     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Information in court or in any court filing subject to the requirements of this Order. For the sake of clarity, it is understood that a Receiving Party shall be allowed to use any Protected Information in court filings so long as any material therein that constitutes Protected Information is filed under seal. Absent written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Information.  Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

F.     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Information for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Information to an individual who prepared the Protected Information.  Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent

of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

G.   Protected Information must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.   To ensure compliance with applicable United States Export Administration Regulations, Protected Information may not be exported outside the United States or released to any foreign national (even if within the United States).  The Producing Party shall be responsible for identifying and designating any such Protected Information, and the Receiving Party shall take measures necessary to ensure compliance.

H.   This Order is without prejudice to the right of any Producing Party to seek further or additional protection of any Protected Information or to seek modification of this Order in any way, including, without limitation, to seek an order that certain matter not be produced at all.

I.   **Designating Protected Information**

1.   <u>Written Discovery and Documents and Tangible Things</u>.  Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed below may be so designated by placing the appropriate designation on every page of the written material prior to production.  For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained.  In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL OUTSIDE COUNSEL ONLY" during the inspection and re-designated, as appropriate during the copying process.

2.   <u>Native Files</u>.  Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains

"CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Information produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Section V, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

3.      All Protected Information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 1 of this subsection shall be designated by the Producing Party by informing the Receiving Party of the designation in writing.

4.      Any documents (including physical objects) made available for inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, designated CONFIDENTIAL OUTSIDE COUNSEL ONLY (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the Producing Party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL (or otherwise as appropriate) prior to furnishing copies to the Receiving Party.

J.      **Information Designated as "Protected Information"**

1.      For purposes of this Order, "Protected Information" shall mean all information or material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party, including any Party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers in good faith to contain confidential, commercially sensitive, and/or proprietary information not otherwise known or available to the public. Any Protected Information obtained by any Party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.      Any document or tangible thing containing or including any Protected Information may be designated as such by the Producing Party by marking it "CONFIDENTIAL,"

"CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" prior to or at the time copies are furnished to the Receiving Party.

      3.    The following are examples of information that is not Protected Information:

      a.    Any information that is or, after its disclosure to a Receiving Party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

      b.    Any information that the Receiving Party can show was already publicly known prior to the disclosure;

      c.    Any information that the Receiving Party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party;

      d.    Any information which the Receiving Party can show was independently developed by it after the time of disclosure by personnel who did not have access to the Producing Party's Protected Information;

      e.    Any advertising materials that have been actually published or publicly disseminated; and

      f.    Any materials that have been disseminated to the public.

      4.    Documents designated "CONFIDENTIAL" and information contained therein shall be available only to:

      a.    Outside litigation counsel of record for the Receiving Party and supporting personnel employed or engaged by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters to whom it is reasonably necessary to disclose the information for this litigation, and any copying or clerical litigation support services working at the direction of such counsel and personnel;

      b.    Technical advisers and their necessary support personnel, subject to the provisions of Section V herein, and who have signed and provided the form attached hereto as Exhibit A; the term "Technical Adviser(s)" shall mean independent outside expert witnesses or consultants (i.e., not officers, directors, or employees of a Party or of a competitor of a Party, and

who are not anticipated to become employees of a Party or a competitor of a Party) with whom counsel may deem it necessary to consult, who comply with Section V, and for whom no unresolved objections to Section V disclosure exist after proper notice has been given to all required Parties. Without the express prior written consent of the Producing Party, no Technical Advisers or necessary support personnel retained by a Plaintiff in a related or consolidated litigation shall have access to "CONFIDENTIAL OUTSIDE COUNSEL ONLY" Discovery Material produced by another Plaintiff in this matter;

c.      Up to three (3) representatives who are officers or employees, who may be, but need not be, in-house counsel for a Party or a Party's parent company or corporate affiliate, as well as their immediate paralegals and staff, to whom disclosure is reasonably necessary for purposes of this litigation, provided that such persons are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and who have signed the form attached hereto as Exhibit A, and no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section V below;

d.      The Court, its personnel and stenographic reporters and videographers (under seal or with other suitable precautions determined by the Court) and the jury;

e.      Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services not including mock jurors; persons or entities that provide litigation support services such as photocopying, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; provided that all such outside vendors agree to maintain the confidentiality of documents pursuant to this Protective Order;

f.      Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

g.     An author, signatory, or prior recipient of the document or the original source of the Protected Information.  Such person shall be given access only to the specific document or information therein;

h.     Document processing and hosting vendors, and graphics, translation, design and/or trial consulting services not including mock jurors, having first agreed to be bound by the provisions of this Protective Order by executing an undertaking in the form attached hereto as Exhibit A; and

i.     Any other person with the prior written consent of the Producing Party or by Order of this Court.

K.     **Information Designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY"**

1.     The "CONFIDENTIAL OUTSIDE COUNSEL ONLY" designation is reserved for CONFIDENTIAL INFORMATION that constitutes, contains, or reflects extremely commercially sensitive information, the disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Documents marked "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" shall be treated as if designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY."  In determining whether information should be designated as "CONFIDENTIAL OUTSIDE COUNSEL ONLY," each Party agrees to use such designation only in good faith.

2.     Documents designated "CONFIDENTIAL OUTSIDE COUNSEL ONLY" and information contained therein shall be available only to:

a.     Persons or entities listed in Section III.J.4. d, e, f, g, h, and, i subject to any terms set forth or incorporated therein;

b.     Persons or entity listed in Section III.J.4. a and b, provided that such persons are not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

3.     In no case shall any information designated as "**CONFIDENTIAL OUTSIDE COUNSEL ONLY**" by a Plaintiff be provided to any other Plaintiff in a related or

consolidated litigation or such Plaintiff's counsel by any Party or counsel absent explicit written agreement from the Party designating the information or by court order.

L. **Information Designated "RESTRICTED CONFIDENTIAL – SOURCE CODE"**

1. The "RESTRICTED CONFIDENTIAL – SOURCE CODE" designation is reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a Party's Source Code, as defined in Section I.F. The following conditions shall govern the production, review and use of source code or design documentation information.

2. Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

3. All such Source Code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE," shall be subject to the following provisions:

a. Source Code, to the extent any Producing Party provides any such information, whether by agreement or Order of this Court, shall be made available for inspection, not produced except as provided for below or by agreement or Order of this Court, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the Producing Party: (1) the offices of the Producing Party's primary outside counsel of record in this action; (2) a single, third-party site located within any judicial district in which the Source Code is stored in the ordinary course of business (e.g., an escrow company); or (3) a location mutually agreed upon by the Receiving and Producing Parties. Any location under (1), (2), or (3) above shall be in the continental United States. In the event that the Receiving Party objects to the location designated by the Producing Party, then the default location shall be at the preferred offices of the Producing Party's primary outside counsel of record in this action at the Producing Party's election. Source Code will be loaded on a secured, standalone, non-networked personal computer without internet access (running a reasonably current operating system) per software platform produced, that

is password protected, maintained in a secure, locked area, and disabled from having external storage devices attached to it on which all access ports have been disabled (except for one printer port) (the "Source Code Computer"). The Parties may agree to provide more than one Source Code Computer upon demonstrated need and upon reasonable written notice to the Producing Party. Use or possession of any input/output device or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, DVDs, floppy disk, storage drives of any kind, computer, cellular telephones, peripheral equipment, PDA, smartphones, voice recorders, etc.) is prohibited while in the secured, locked area containing the Source Code Computer by any person employed by, representing, or working on behalf of the Receiving Party.  All persons entering the locked room containing the Source Code must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room.  The Source Code Computer will be made available for inspection after the Producing Party provides notice that the Source Code Computer are available for inspection and until the close of discovery in this action between the hours of 9 a.m. and 6 p.m. local time on business days (i.e., weekdays that are not Federal holidays), and/or other days and/or times upon reasonable request, and upon reasonable written notice to the Producing Party, which shall not be less than seven (7) business days in advance of the requested inspection. Prior to the first inspection of any requested Source Code, the Receiving Party shall provide fourteen (14) days' notice of the Source Code that it wishes to inspect. The Receiving Party shall provide seven (7) days' notice prior to any additional inspections of the same Source Code, although the parties will be reasonable in accommodating requests of less than seven (7) days.

b.      The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are generally commercially available or presently used in the ordinary course of the Producing Party's business. The Receiving Party's outside counsel and/or experts may request that commercially available

software tools for viewing and searching Source Code be installed on the Source Code Computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools; and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with the CD, DVD, or other electronic means containing such licensed software tool(s) at least seven (7) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer. Specific tools may include but are not limited to: Visual Slick Edit, Source-Navigator, PowerGrep, and ExamDiff Pro, or other similar programs.

        c.      The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code, such as function names or file names, but may not copy any portion of the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer or device.  Any notes relating to the Source Code will be treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE."  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Producing Party may visually monitor the activities of the Receiving Party's representative(s) during any Source Code review but only to ensure that no unauthorized recording, copying, or transmission of the Source Code and no unauthorized information concerning the Source Code are being created or transmitted in any way. The Producing Party shall not install any keystroke or other monitoring software on any Source Code Computer.

        d.      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as provided

for herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.  The Receiving Party may request a reasonable number of pages of Source Code to be printed on watermarked or colored pre-bates numbered paper, which shall be provided by the Producing Party.  The Receiving Party may not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in paragraph (a) in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer. The Producing Party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code.  The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Requested portions which exceed five (5) pages for any continuous block of Source Code shall be presumed excessive and/or not done for the permitted purpose. The Receiving Party may print out no more than 100 pages total of the Producing Party's Source Code, provided that the Receiving Party shall be entitled to apply to the Court for modification of these limits upon a showing of good cause.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer , as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  Within ten  10 business days or such additional time as necessary due to volume requested, the Producing Party will provide a copy of the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL – SOURCE CODE" unless objected to as discussed above or below.  The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

e. If the Producing Party objects that the requested portions for printing are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within fourteen business days.  If after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the Receiving Party may seek a Court resolution of whether the requested Source Code in question is reasonably necessary for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  Contested Source Code print outs need not be produced to the Requesting Party until the matter is resolved by the Court.

f. The Receiving Party shall not create any copies or electronic or other images of any printed pages of Source Code or any other documents or things reflecting Source Code that have been designated by the Producing Party as "RESTRICTED CONFIDENTIAL – SOURCE CODE" except as provided for herein.  The Receiving Party shall only make additional paper copies of selected excerpts of Source Code if such additional copies are necessary for any filing with the Court, the service of any pleading or other paper on any Party, testifying expert reports, consulting expert written analyses, deposition exhibits as discussed below, or any draft of these documents ("SOURCE CODE DOCUMENTS").  The Receiving Party's outside counsel of record may only make no more than three (3) additional paper copies of such excerpts of the Source Code received from a Producing Party and shall maintain a log of all paper copies of the Source Code.  Upon five (5) day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party.

g. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

h.      The Receiving Party's outside counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  Any paper copies designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" or notes, analyses or descriptions of such paper copies of Source Code shall be viewed only at (i) the offices of outside counsel for the Receiving Party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies or notes, analyses or descriptions of such paper copies of Source Code shall not be transported via mail service or any equivalent service and shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials and in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times, when it is not in use.  No more than a total of ten (10) individuals identified by the Receiving Party shall have access to the printed portions of Plaintiffs' Source Code (except insofar as such code appears in any court filing or expert report).

i.      All persons who will review the Source Code on a Source Code Computer, including members of a Receiving Party's outside law firm, shall be provided to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code.  Such identification shall be in addition to any other disclosure required under this Order.  The Receiving Party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart with their signatures.  The Producing Party shall be entitled to have a person observe all entrances and exits from the Source Code viewing

room, and to a copy of the log upon one (1) day's advance notice to the Receiving Party. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer containing Source Code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

j.      Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall not be responsible for any items left in the room following each inspection session. The Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

k.      The Receiving Party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment. The Receiving Party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

l.      No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or storage drives of any kind, shall be permitted into the Source Code reviewing room. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

m.     Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL – SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

(1)     Outside counsel of record for the Parties to this action, including any attorneys, paralegals, technology specialists and any clerical litigation support services staff working at the direction of such counsel and paralegals, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such paralegals, technology specialists and any clerical litigation support services staff working at the direction of such counsel and paralegals;

(2)     Technical advisers and their necessary support personnel, subject to the provisions of Section V herein, and who have signed and provided the form attached hereto as Exhibit A; the term "Technical Adviser(s)" shall mean independent outside expert witnesses or consultants (i.e., not employees of a Party or of a competitor of a Party, and who at the time of retention are not anticipated to become employees of a Party or a competitor of a Party) with whom counsel may deem it necessary to consult and who comply with Section V and specifically identified as eligible to access Source Code, provided that such adviser is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party and no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section V. Without the express prior written consent of the Plaintiff that produced the Protected Information, no expert or consultant retained by a Plaintiff in a related or consolidated litigation shall have access to "RESTRICTED CONFIDENTIAL – SOURCE CODE" Discovery Material produced by another Plaintiff in this matter;

(3)     The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code; for depositions, the Receiving Party shall not bring copies of any printed Source

Code.  Rather, at least five (5) business days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of the Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition.

(4)     Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

(5)     While testifying at deposition or trial in this action only: (i) any current officer, director or employee of the Producing Party or original source of the information; (ii) any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

(6)     Any other person with the prior written consent of the Producing Party or by Order of this Court.

n.     The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code that are delivered by the Receiving Party to any qualified person under Section III.L.3.m above.  The log shall include the names of the recipients and reviewers of copies, the dates when such copies were provided, and the locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified person that

receives a copy of any portion of the Source Code.  Upon five (5) business day's advance notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. Within thirty (30) days after the issuance of a final non-appealable decision resolving all issues in the case, the Receiving Party must serve upon the Producing Party the log and serve upon the Producing Party all paper copies of the Producing Party's Source Code as well as documents, pleadings, reports, and notes reflecting or referring to such Source Code.  In addition, all persons to whom the paper copies of the Source Code were provided must certify in writing that all copies of the Source Code were returned to the counsel who provided them the information and that they will make no use of the Source Code or of any knowledge gained from the Source Code in any future endeavor.

o.     To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE."

p.     All copies of any portion of the Source Code shall be returned to the Producing Party if they are no longer in use.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

q.     The Receiving Party's outside counsel may only disclose a copy of the Source Code to individuals specified in Section III.L.3.m above (e.g., Source Code may not be disclosed to in-house counsel).  In no case shall any information designated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" by a Plaintiff be provided to any other Plaintiff in a related or consolidated litigation or such Plaintiff's counsel by any Party or counsel absent explicit agreement from the Party designating the information.

r.      Any Technical Advisor retained on behalf of a Receiving Party who is to be given access to a Producing Party's produced Source Code (whether in electronic form or otherwise) must agree in writing not to perform software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code reviewed by such Technical Advisor for a period of one year after the issuance of a final, non-appealable decision resolving all issues in the case.  This shall not preclude such Technical Advisors from consulting in future litigation, so long as such consulting does not involve software development work directly or indirectly intended for commercial purposes relating to any functionality covered by the Source Code reviewed by such Technical Advisor.

s.      Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case.  No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation.

t.      Except as provided in this sub-paragraph, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code).  Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible.  If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate.  If a Producing Party agrees

to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order.  Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored.  Additionally, any such electronic copies must be labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE" as provided for in this Order.

## IV.    PROSECUTION BAR

A.     Absent the written consent of the Producing Party, no person on behalf of Defendant, including without limitation any Technical Advisor of Defendant, who receives a Plaintiff's "CONFIDENTIAL OUTSIDE COUNSEL ONLY" or "RESTRICTED CONFIDENTIAL – SOURCE CODE" information that describes the function or operation of any product accused of infringement in the action or that describes any activities accused of infringement in the action shall, for a period commencing upon receipt of such information and ending two years following the conclusion of this case (including any appeals) engage in any Prosecution Activity (as defined below) on behalf of any Party other than the Producing Party or engage in any Prosecution Activity involving claims relating to methods, systems, processes, or apparatuses that facilitate communications across or between IP-based communication systems or networks and that utilize user-specific attributes of the communication-initiating party and/or of the communication-receiving party for purposes of classification and/or routing of the communication across private networks or between private networks and public networks.

B.      For clarity and the avoidance of doubt, in-house counsel, outside counsel, and Technical Advisors of any Plaintiff in this action or related or consolidated actions are not subject to this Prosecution Bar.

C.      Prosecution Activity shall mean 1) the preparation or prosecution (for any person or entity) of patent applications relating to methods, systems, processes, or apparatuses that facilitate communications across or between IP-based communication systems or networks and that utilize user-specific attributes of the communication-initiating party and/or of the communication-receiving party for purposes of classification and/or routing of the communication across private networks or between private networks and public networks or advising or counseling clients regarding the same, including but not limited to providing any advice, counseling, preparing, prosecuting, editing, amending and/or drafting of claims, or communication with a domestic or foreign patent office for purpose of allowance of any claims, for any patent application before any domestic or foreign patent office; and/or 2) the editing, amending, and/or drafting of claims or amendments to claims in any reexaminations or reissues involving the patents-at-issue, or involving other patents relating to methods, systems, processes, or apparatuses that facilitate communications across or between IP-based communication systems or networks and that utilize user-specific attributes of the communication-initiating party and/or of the communication-receiving party for purposes of classification and/or routing of the communication across private networks or between private networks and public networks; and 3) the identification of patents (including patent applications), or the rights to any such patents or patent applications with the right to sublicense, to acquire relating to methods, systems, processes, or apparatuses that facilitate communications across or between IP-based communication systems or networks and that utilize user-specific attributes of the communication-initiating party and/or of the communication-receiving party for purposes of classification and/or routing of the communication across private networks or between private networks and public networks.  Nothing in this paragraph shall prevent any attorney from sending non-confidential prior art or prior art labeled "Confidential" to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in

complying with its duty of candor.  Because a person is only subject to the prosecution bar if he or she receives a Plaintiff's or a third party's "Confidential Outside Counsel Only" or "Restricted Confidential – Source Code" information, sending non-confidential prior art or prior art labeled "Confidential" to an attorney involved in patent prosecution shall not subject that attorney to the prosecution bar.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client, as long as such discussion does not reveal or effectively reveal any information or the substance of any information designated CONFIDENTIAL, CONFIDENTIAL OUTSIDE COUNSEL ONLY, and RESTRICTED CONFIDENTIAL – SOURCE CODE.

     D.     For the avoidance of doubt, the patent prosecution bar above shall be deemed to preclude persons who have received a Plaintiff's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – SOURCE CODE from participating directly or indirectly in the editing, amending, and/or drafting of claims or amendments to claims in any post grant proceedings involving the patents-in-suit, or of any patent that claims priority, in whole or part, to the patents-in-suit. And for further avoidance of doubt and for the sake of clarity and notwithstanding anything herein to the contrary, the prohibitions in this Section are not intended to and shall not preclude counsel (including licensed patent agents employed by or outside litigation counsel of record under Section III.J.4.a) who obtains, receives, or otherwise learns of, in whole or in part, a Plaintiff's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – SOURCE CODE from participating directly or indirectly in reexamination or reissue proceedings, provided that the law firm of any attorney (or licensed patent agent employed by or outside litigation counsel of record under Section III.J.4.a) who obtains, receives, or otherwise learns, in whole or in part a Plaintiff's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – SOURCE CODE may not, directly or indirectly, advise, consult, or participate in the drafting of amended or substitute claims in the proceeding, and will not use any of the Plaintiff's Protected Material in the proceeding. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with

access to a Plaintiff's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – SOURCE CODE and any individuals who, on behalf of any Party or its acquirer, successor, predecessor, or related entity, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  Any firm that provides advice, consults on, or participates in the drafting of amended or substitute claims in an reexamination or reissue proceeding is barred in its entirety from receiving and reviewing a Plaintiff's CONFIDENTIAL OUTSIDE COUNSEL ONLY or RESTRICTED CONFIDENTIAL – SOURCE CODE.

## V.      NOTICE OF DISCLOSURE

A.      Information designated by the Producing Party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the Receiving Party's Technical Advisers and their necessary support personnel.

B.      No disclosure of Protected Information to a Technical Adviser or their necessary support personnel or to representatives of the Receiving Party who are officers or employees of the Receiving Party as described in Section III (collectively referenced below as "Person") shall occur until that Person has signed the form attached hereto as Exhibit A, and a signed copy has been provided to the Producing Party; and to the extent there has been an objection under Section V.D, that objection is resolved according to the procedures set forth below.  No disclosure of Protected Information may be provided to a Person that is a current officer, director, or employee of a Party or of a competitor of a Party, or anticipated at the time of retention or disclosure to become an officer, director or employee of a Party or of a competitor of a Party.  No disclosure of Protected Information may be provided to an expert or consultant that is involved in Competitive Decision-Making, as defined by *U.S. Steel v. United States,* 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party. Such expert or consultant may access the Protected Information in the United States only, and may not transport them to or access them from any foreign jurisdiction;

C.      A Party desiring to disclose Protected Information to a Person shall give prior written notice of the intended disclosure by email to all counsel of record in the litigation, and the Producing Party shall have fourteen (14) business days after such notice is given to object in writing to the disclosure.  The Party desiring to disclose Protected Information to a Person must provide the following information for each Person:  name, address, up-to-date curriculum vitae, current employer, title, job responsibilities, employment history identifying all past and current employment and consulting relationships, including direct relationships and relationships through entities owned or controlled by the Person, including but not limited to an identification of any individual or entity with or for whom the person is employed or to whom the person provides consulting services relating to the design, development, operation, or patenting of communication and network technology, including communication routing technology, or relating to the acquisition of intellectual property assets relating to communication and network technology, including communication routing technology, any past or present affiliation, whether on an employment or consulting basis, with the Receiving Party, a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which the Person is identified as an inventor or applicant, is involved in prosecuting or maintaining, has any ownership or pecuniary interest, or as to which the Person has had or anticipates in the future any involvement in advising on, consulting on, preparing, prosecuting, drafting, editing, amending, or otherwise affecting the scope of the claims.  No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.  Further, the Party seeking to disclose Protected Information shall provide such other information regarding the Person's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Information to the outside expert or consultant.  During the pendency of and for a period of two (2) years after the final resolution of this action, including all appeals, the Person shall immediately provide written notice of any change with respect to the Person's involvement in the design, development, operation or patenting of communication and

network technology, including communication routing technology, or the acquisition of communication and network technology, including communication routing technology.

D.      A Producing Party objecting to disclosure of Protected Information to a Person shall, within seven (7) business days of receiving notice of the intended disclosure, state with particularity the ground(s) of the objection.  The objecting Party's consent to the disclosure of Protected Information to a Person must be based on that Party's objectively reasonable concern that the Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways that are inconsistent with the provisions contained in this Order.  If no Party raises such an objection within seven (7) business days of receiving notice of the intended disclosure, the Person shall be deemed qualified to receive the Protected Information described in the notice of intended disclosure. There shall be no disclosure of Protected Information to the Person prior to expiration of this seven (7) day period.

E.      If after consideration of the objection, the Party desiring to disclose the Protected Information to a Person refuses to withdraw the Person, that Party shall provide notice to the objecting Party and the Parties shall in good faith attempt to resolve the objection informally. The Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute on an informal basis.  Thereafter, if the informal efforts do not resolve the dispute, the Party objecting to disclosure of Protected Information may file a motion requesting that the Person not be allowed to view the Protected Information within seven (7) days from the date of the meet and confer.  A failure to file a motion within the seven (7) business day period, absent an agreement of the Parties to the contrary or for an extension of such seven (7) business day period, shall operate to allow disclosure of the Protected Information to the Person objected to.  The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

F.      The objecting Party shall have the burden of showing by a preponderance of the evidence that the disclosure sought should be prohibited. The Protected Information subject to the objection shall not be disclosed to the technical advisor objected to unless and until the Court determines that the disclosure should be allowed.

G.      Without the express prior written consent of the Plaintiff that produced the Protected Information, no Technical Adviser retained by a Plaintiff in this case shall have access to Protected Information produced by another Plaintiff in any litigation involving the asserted patents. This Order does not confer any right to any one Plaintiff's Technical Advisor to access the Protected Information of any other Plaintiff in the above-identified litigations without compliance with the terms of this Order.

H.      An initial failure to object to a Person under this Section V shall not preclude the nonobjecting Party from later objecting to continued access by that Person for good cause.  If an objection is made, the Parties shall meet and confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer to seek relief from the Court.  The designated Person may continue to have access to information that was provided to such Person prior to the date of the objection.  If a later objection is made, no further Protected Information shall be disclosed to the Person until the Court resolves the matter or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing Party fails to move for a protective order within seven (7) business days after the meet and confer, further Protected Information may thereafter be provided to the Person.

## VI.    CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

A.      The Parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a Receiving Party from contending that any documents or information designated as Protected Information have been improperly designated.  A Receiving Party may at any time request that the Producing Party cancel or modify the Protected Information designation with respect to any document or information contained therein.

B.      A Party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the Producing Party, shall particularly identify the documents or information that the Receiving Party

contends should be differently designated, and shall state the grounds for the objection. The Parties shall use their reasonable efforts to resolve promptly and informally such disputes. The objecting Party shall have the burden of conferring either in person, in writing, or by telephone with the Producing Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute. If an agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating Party. The Parties' entry into this Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information. Notwithstanding anything to the contrary above, nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

C. Until a determination by the Court or the Party who designated the Discovery Material in question withdraws such designation in writing, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

**VII. LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

A. All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other proceeding, including without limitation any other litigation, patent prosecution or acquisition, patent post-grant proceeding, opposition proceeding, or any business or competitive purpose or function, and shall not be distributed, disclosed or made available to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

1.      A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information which has been produced by that Party and of which the witness has personal knowledge;

2.      A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

3.       Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Exhibit A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

4.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court, which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings. Materials filed with the Court shall be disposed of in compliance with the normal records disposition policy of the United States Courts.  See Civil L.R. 79-5(g).

5.      Outside attorneys of record for the Parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom

29

1   ~~such confidential exhibits or other confidential matters may be returned by the Clerk of the Court,~~

2   ~~if they are not so retrieved.  No material or copies thereof so filed shall be released except by order~~

3   ~~of the Court, to outside counsel of record, or as otherwise provided for hereunder.  Notwithstanding~~

4   ~~the foregoing and with regard to material designated as "RESTRICTED CONFIDENTIAL –~~

5   ~~SOURCE CODE," the provisions of Section VI.C are controlling to the extent those provisions~~

6   ~~differ from this paragraph~~.

7               6.      Protected Information shall not be copied or otherwise produced by a

8   Receiving Party, except for transmission to qualified recipients, without the written permission of

9   the Producing Party, or, in the alternative, by further order of the Court.  Nothing herein shall,

10  however, restrict a qualified recipient from making working copies, abstracts, digests and analyses

11  of "CONFIDENTIAL" and "CONFIDENTIAL OUTSIDE COUNSEL ONLY" information for use

12  in connection with this litigation and such working copies, abstracts, digests and analyses shall be

13  deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict

14  a qualified recipient from converting or translating "CONFIDENTIAL" and "CONFIDENTIAL

15  OUTSIDE COUNSEL ONLY" information into machine readable form for incorporation into a

16  data retrieval system used in connection with this action, provided that access to that Protected

17  Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

18              7.      Any deposition transcript, in whole or in part, may be designated

19  "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED

20  CONFIDENTIAL – SOURCE CODE" by an appropriate statement at the time such testimony is

21  given or thereafter by notifying the other Parties in writing of the portions of such testimony to be

22  so designated within thirty (30) days from receipt of the final certified transcript.  Upon such request,

23  the reporter shall mark on the title page the original and all copies of the transcript as designated.

24  Deposition transcripts, in their entirety, shall be treated by default as "CONFIDENTIAL OUTSIDE

25  COUNSEL ONLY" until the expiration of the time to make a confidentiality designation.  Any

26  Party that wishes to disclose the transcript, or information contained therein, may provide written

27  notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants

28

to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.

8.      Any Protected Information that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Information.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

9.      Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Information based on the designation of such Protected Information.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Information.

C.      No Party may remove, or cause to be removed, Protected Information produced by another Party from the territorial boundaries of the United States of America.  Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form.  The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.  Notwithstanding this prohibition, Protected Information, exclusive of material designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition in this litigation taken in a foreign country.  The restrictions contained within this paragraph may be amended through the consent of the Producing Party to the extent that such agreed to procedures conform with applicable export control laws and regulations. To ensure compliance with applicable United States Export

1    Administration Regulations, Protected Information may not be exported outside the United States

2    or released to any foreign national (even if within the United States).  The Producing Party shall be

3    responsible for identifying and designating any such Protected Information, and the Receiving Party

4    shall take measures necessary to ensure compliance.

5            D.      Nothing in this Order shall restrict in any way the use or disclosure of Protected

6    Information by a Receiving Party: (i) previously produced, disclosed and/or provided by the

7    Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and

8    not by inadvertence or mistake; (ii) with the consent of the Producing Party; or (iii) pursuant to

9    order of the Court.

10           E.      No Plaintiff is required to produce its Protected Information to any other Plaintiff or

11   Plaintiffs, or to any other Plaintiff's or Plaintiffs' counsel, in the above-identified litigations, but

12   nothing in this Order shall preclude such production.  Notwithstanding the provisions of this

13   Protective Order, Defendant shall not disclose one Plaintiff's Protected Information to any other

14   Plaintiff or Plaintiffs through Court filings, oral argument in Court, expert reports, deposition,

15   discovery requests, discovery responses, or any other means, without the express prior written

16   consent of the Plaintiff that produced the Protected Information.

17           F.      The Parties agree to meet and confer prior to the pretrial conference to negotiate a

18   proposal for treatment of Protected Information at trial to be submitted for approval by the Court.

19   A Party shall provide a minimum of two business days' notice to the Producing Party in the event

20   that a Party intends to use any Protected Information during trial.  In addition, the Parties will not

21   oppose any request by the Producing Party that the courtroom should be sealed, if allowed by the

22   Court, during the presentation of any testimony relating to or involving the use of any Protected

23   Information.

24   **VIII.   NON-PARTY USE OF THIS PROTECTIVE ORDER**

25           A.      A nonparty producing information or material voluntarily or pursuant to a subpoena

26   or a court order may designate such material or information as Protected Information pursuant to

27   the terms of this Protective Order.

28

B.      A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any Party in this case.

**IX.    NO WAIVER OF PRIVILEGE**

A.      Nothing in this Protective Order shall require disclosure of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced or made available for inspection, such disclosure shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity, or other ground for withholding production to which the Producing Party would otherwise be entitled to assert.  Any Party that inadvertently produces or makes available for inspection materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s).  The Producing Party shall provide a privilege log for any relevant inadvertently produced materials as soon as reasonably possible after requesting their return.  The recipient(s) shall gather and return all copies of the privileged material to the Producing Party no later than five (5) business days after receiving a request for their return, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the Producing Party.  The recipient shall also destroy and certify such destruction within five (5) business days after receiving a request for return of inadvertently produced materials all documents or parts thereof summarizing or otherwise disclosing the content of the inadvertently produced material and shall not use such material for any purpose.   Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, and addresses of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material.

B.      If the Receiving Party contests the privilege or work product designation by the Producing Party, the Receiving Party shall give the Producing Party written notice of the reason

for the disagreement.  The Receiving Party shall seek an Order from the Court compelling the production of the material.  If no such Order is sought within thirty (30) days, then all copies of the disputed document shall be returned in accordance with paragraph 7.A.  Absent a court order to the contrary, the Parties hereby agree and stipulate that any privilege or immunity that was originally present will remain intact once any such document is returned or confirmed as destroyed by the recipient.

**X.      NO WAIVER OF PROTECTION**

A.      Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment, provided that the Producing Party shall notify all Receiving Parties that such documents are protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate.  The Producing Party shall reproduce the Protected Information with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties.  Within seven (7) days of receiving the Protected Information with the correct confidentiality designation, the Receiving Parties shall return or securely destroy and certify such destruction, at the Producing Party's option, all Protected Information that was not designated properly.

B.      In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure.  The responsible disclosing Party shall also make every effort to further prevent unauthorized disclosure, including retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the Producing Party from seeking further relief from the Court.  By stipulating to this Order, the Parties do not waive the right to argue that certain material may require

1  additional or different confidentiality protections than those set forth herein.  Unauthorized or

2  inadvertent disclosure does not change the status of Protected Information or waive the right to hold

3  the disclosed document or information as Protected.

4         C.     A Receiving Party shall not be in breach of this Order for any use of such Protected

5  Information before the Receiving Party receives the Protected Information with the correct

6  confidentiality designation, unless an objectively reasonable person would have realized that the

7  Protected Information should have been appropriately designated with a confidentiality designation

8  under this Order. Once a Receiving Party has received notification of the correct confidentiality

9  designation for the Protected Information with the correct confidentiality designation, the Receiving

10  Party shall treat such Protected Information at the appropriately designated level pursuant to the

11  terms of this Order.  Notwithstanding the above, a subsequent designation of Protected Information

12  shall apply on a going forward basis only and shall not disqualify anyone who reviewed Protected

13  Information while the materials were not appropriately marked from engaging in any activities

14  otherwise permitted by this Order.

15  **XI.**    **FILING PROTECTED INFORMATION**

16         A.     Absent written permission from the Producing Party or a court order secured after

17  appropriate notice to all interested persons, a Receiving Party may not publicly file or disclose in

18  the public record any Protected Information.

19         B.     Any Party ~~is authorized under Civil L.R. 79-5 to file under seal with the Court any~~ <span style="color:red">that seeks to file materials under seal must file a motion to seal in compliance with Civil Local Rule 79-5.</span>

20  ~~brief, document or materials that are designated as Protected Information under this Order.~~

21  ~~However, nothing in this section shall in any way limit or detract from this Order's requirements as~~

22  ~~to Source Code.~~

23  **XII.**    **MISCELLANEOUS PROVISIONS**

24         A.     The computation of any period of time prescribed or allowed by this Order shall be

25  governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

26         B.     Any of the notice requirements herein may be waived, in whole or in part, but only

27  in writing signed by the attorney-in-charge for the Party against whom such waiver will be effective.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.      The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Except as otherwise herein, within ninety (90) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in this action, each Party (including Technical Advisors who received Protected Information) shall, at the option of the Producing Party, either return to the respective outside counsel of the Producing Party or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information not embodied in physical objects and documents shall remain subject to this Order.  In the event that a Party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed Party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain one set of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any "CONFIDENTIAL" and "CONFIDENTIAL OUTSIDE COUNSEL ONLY" information for archival purposes only, but must return any pleadings, correspondence, an consultant work product that contains Source Code.  Any such archived copies that contain or constitute Protected Information remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials.  All Parties that have received any such Protected Information shall certify in writing that all such materials have been returned to the respective outside counsel of the producing Party or destroyed.

D. If at any time Protected Information in any form is subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person or entity to whom the subpoena or other request is directed shall immediately (a) notify in writing the person or entity who caused the subpoena or other request to issue that some or all of the material covered by the subpoena or request is subject to a Protective Order and include a copy of this Order with such notice, (b) give written notice thereof to every Party or nonparty, and their counsel, who has produced such documents and include a copy of the subpoena or request with such notice, and (c) provide each such Producing Party or nonparty with an opportunity to move for a protective order regarding the production of such documents. The person or entity to whom the subpoena or other request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought thereby that is adverse to any Producing Party or producing nonparty opposing the request for production of such documents or materials. If a Producing Party or nonparty does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the Party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

E. Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery. Reports and materials exempt from discovery under the foregoing Paragraph shall be treated as attorney work product for the purposes of this case and Protective Order. In addition, all communications between counsel for a Party and that Party's testifying expert(s) related to the content of expert reports are exempt from discovery, provided that this limitation on discovery does not permit a Party to withhold any material relied upon by testifying experts solely on the ground that such material was provided to the expert by counsel. All materials generated by a testifying expert with respect to that person's work are also exempt from discovery unless they identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report. Materials, communications, and other information exempt from discovery under the foregoing

Paragraphs shall be treated as attorney-work product for the purposes of this litigation and Order. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

F.      No Party shall be required to identify on their respective privilege log any document or communication related to this litigation <u>or previous litigations between the Parties</u> dated on or after February 9, 2016, which absent this provision, the Party would have been obligated to so identify on said privilege log.  The Parties shall exchange their respective privilege document logs at a time to be agreed upon by the Parties following the production of documents.

G.      Nothing in this Order shall limit any Producing Party's use of its own documents or shall prevent any Producing Party from disclosing its own Protected Information to any person. Such disclosures shall not affect any "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL - SOURCE CODE" designation made pursuant to the terms of this Order so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

H.      This Order is not a waiver of any applicable privilege or any objection that might be raised as to a discovery request or the admissibility of evidence.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Discovery Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

I.      Nothing in this Protective Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Information, provided counsel does not disclose the Protected Information itself except as provided in this Order.

J.      The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with

respect to those documents and information that become a matter of public record.  This Court retains and shall have continuing jurisdiction over the Parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Northern District of California.  In the event anyone shall violate or threaten to violate the terms of this Protective Order, the aggrieved designating Party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Protective Order.

K.      Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation only based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

L.      Each of the Parties agrees to be bound by the terms of this Protective Order as of the date counsel for such Party executes this Protective Order, at which time the provisions of this Order shall retroactively apply to any Protected Information obtained by that Party or its counsel prior to execution, even if prior to entry of this order by the Court.

M.      This Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representative, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

N.      All notices required by this Protective Order are to be served on the attorney(s) of record for each Party.

O.      Nothing herein shall preclude a Party from seeking modification of this Order by the Court.  The United States District Court for Northern District of California is responsible for the interpretation and enforcement of this Order.  All disputes concerning Protected Information,

however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California

P.      Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California or the Court's own orders.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern District of California or the Court's own orders.

Q.  If the parties are unable to resolve any disputes concerning the discovery or disclosure of information designated under this Protective Order, they shall comply with the discovery dispute procedures outlined in Judge DeMarchi's Standing Order for Civil Cases, which requires, among other things, that such disputes be brought by joint discovery letter, rather than by noticed motion.  To the extent other provisions of this Protective Order suggest that such matters may be brought by motion, those other provisions are deemed void.

**ORDER**

PURSUANT TO STIPULATION, AS MODIFIED BY THE COURT,

**IT IS SO ORDERED**

*Virginia K. DeMarchi*

Virginia K. DeMarchi, United States Magistrate Judge

DATED: _____November 16, 2020_____

**<u>EXHIBIT A</u>**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Twitter Inc. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-02397-LHK (N.D. Cal.); *Apple Inc. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-02460-LHK (N.D. Cal.); *AT&T Corp., AT&T Services, Inc., and AT&T Mobility LLC v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-02995-LHK (N.D. Cal.); and *Cellco Partnership d/b/a Verizon Wireless v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-03092-LHK (N.D. Cal.).  Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____,

Present occupation/job description: _____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

                                                    _____
                                                    [Signature]