UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| TWITTER, INC.,<br>Plaintiff,<br>v.<br>VOIP-PAL.COM, INC.,<br>Defendant. | Case No. 20-cv-02397-LHK (VKD)<br><br>**ORDER RE MAY 7, 2021 DISCOVERY DISPUTE LETTER**<br>Re: Dkt. No. 72 |

The parties dispute whether plaintiff Twitter, Inc. ("Twitter") violated applicable law and the protective order by using and disclosing certain of the parties' settlement communications in this action in a separate action, *Twitter, Inc. v. VoIP-Pal.com, Inc.*, Case No. 21-cv-2769-JD ("*Twitter II*"). Neither party requests a hearing, and the Court finds that the dispute may be determined without one. Civil L.R. 7-1(b).

As explained below, the Court finds no violation.

I.  **BACKGROUND**

Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") asserts that paragraphs 12, 44, 45, 46, 48, and 55 of the complaint in *Twitter II* disclose VoIP-Pal's confidential settlement communications with Twitter in connection with this action ("*Twitter I*"). Dkt. No. 72 at 1. According to VoIP-Pal, Twitter used these communications as the basis for its declaratory judgment action in *Twitter II*. *Id.* VoIP-Pal contends that such use and disclosure violates applicable law protecting the confidentiality of settlement communications as well as the terms of the protective order in this action (Dkt. No. 48). *Id.* at 1-4.

Twitter responds that the disputed paragraphs in the *Twitter II* complaint refer to

1  communications between VoIP-Pal and Twitter that preceded the parties' April 15, 2021
2  settlement conference. *Id.* According to Twitter, the parties did not agree that those
3  communications would be confidential and therefore they are not. *Id.* at 4-5. Twitter also
4  contends that VoIP-Pal's failure to designate these communications confidential was neither
5  inadvertent nor unintentional, citing the several unprotected communications VoIP-Pal made over
6  time and VoIP-Pal's public filing of the parties' prior communications in support of VoIP-Pal's
7  motion to dismiss the *Twitter I* complaint. *Id.* at 6.

**II. DISCUSSION**

VoIP-Pal does not dispute Twitter's assertion that paragraphs 12, 44, 45, 46, 48, and 55 of the *Twitter II* complaint refer to settlement communications between the parties before they engaged in settlement proceedings before the undersigned magistrate judge. Rather, VoIP-Pal argues that these communications should be deemed confidential as a matter of law, or that that they fall within the scope of section III.A of the protective order and may not be disclosed publicly or use in another action. *Id.* at 1-2.

With respect to VoIP-Pal's first argument, the Court has reviewed the authorities on which the parties rely and finds no support for VoIP-Pal's position that settlement communications are inherently confidential. Those authorities support Twitter's position that neither the Federal Circuit nor the Ninth Circuit has recognized a "settlement negotiation privilege," and that settlement communications will be treated as confidential only where the parties agree to such treatment. *See In re MTSG, Inc.*, 675 F.3d 1337, 1342-48 (Fed. Cir. 2012) (finding no federal privilege for settlement negotiations in matters arising under patent laws); *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1160-62 (9th Cir. 2007) (rejecting argument that settlement communications could not be cited in support of subject matter jurisdiction); *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 583 (N.D. Cal. 2008) (distinguishing cases like *Goodyear Tire & Rubber co. v. Chiles Power Supply, Inc.*, 332 F. 3d 976 (6th Cir. 2003) from those in which "the parties held a legitimate and explicit expectation that the settlement documents would remain confidential"). Here, it appears the parties did not have an agreement to treat their pre-settlement conference communications as confidential. VoIP-Pal does not contend otherwise.

2

Accordingly, the Court concludes that these communications may not be treated as inherently confidential based on VoIP-Pal's unilateral expectation that they would be.

With respect to VoIP-Pal's second argument, the Court is not persuaded that the disputed communications fall within the scope of the protective order. VoIP-Pal relies on section III.A of the protective order, which states:

> Discovery Materials produced in this case may be labeled as one of three categories: "CONFIDENTIAL," "CONFIDENTIAL OUTSIDE COUNSEL ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" as set forth in Sections III.J., K., L. below. All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information." This Order shall encompass not only Protected Information, but also (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Protected Information; and (4) briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Information.

Dkt. No. 48, sec. III.A. VoIP-Pal relies on the portion of this provision stating that the protective order "shall encompass . . . conversations . . . by Parties or their counsel." Dkt. No. 72 at 2. The difficultly with this argument is that the provision applies to "Discovery Materials," which is defined as "all items or information, including from any non-party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) *that are produced, disclosed, or generated in connection with discovery or Rule 26(a) disclosures in this case*." *Id.,* sec. I.A (emphasis added). VoIP-Pal does not contend that the settlement communications concern any party's discovery or disclosure obligations, and therefore, section III.A does not apply.

Even assuming section III.A applies, the protective order requires a party to place a confidentiality designation on documents or other materials. *Id.*, sec. III.I.1. For oral communications and other information "not reduced to documentary, tangible or physical form," the protective order requires a party to designate the information "by informing the Receiving Party of the designation in writing." *Id.,* sec. III.I.3. VoIP-Pal does not contend that it contemporaneously designated any of its settlement communication correspondence confidential

3

1 or informed Twitter in writing that its oral communications were confidential.

2 VoIP-Pal argues that even if no agreement or expectation of confidentiality covered its communications with Twitter in advance of the settlement conference, VoIP-Pal subsequently designated these communications confidential when it included them in its April 8, 2021 settlement conference statement, which it served on Twitter before Twitter filed the *Twitter II* complaint. Dkt. No. 72 at 2. VoIP-Pal argues that this settlement conference statement put Twitter on notice that VoIP-Pal considered the prior settlement communications confidential and that, by operation of ADR L.R. 7-4(A), Twitter then had an obligation to not disclose or use the communications for any purpose other than the settlement conference. *Id.* As Twitter observes, however, ADR L.R. 7-4(A) does not transform non-confidential material or information into confidential material or information, and it does not prevent the parties from continuing to treat as non-confidential all matters that were previously non-confidential. *Id.* at 6-7. The parties' settlement conference statements referred to several matters that both parties agree are not confidential, and VoIP-Pal did not specifically identify the parties' prior settlement communications as confidential and distinct from non-confidential material in its own statement. In short, it would be difficult for Twitter to know, solely based on VoIP-Pal's settlement conference statement, that VoIP-Pal was then invoking confidential designations for particular communications described in the statement.

VoIP-Pal says that, at a minimum, its failure to designate its prior settlement communications with Twitter as confidential should be considered an inadvertent and unintentional disclosure of protected information under sections X.A and X.B of the protective order, and that Twitter is now required to treat those communications as confidential until the parties' dispute about confidentiality is resolved. *Id.* at 2. The difficulty with VoIP-Pal's argument is that section X concerns "Protected Information"—i.e., "Discovery Material" that has been given a confidentiality designation pursuant to section III.A. As noted above, the disputed communications concern settlement, not discovery. Absent agreement of the parties to bring these communications within the auspices of the protective order, VoIP-Pal may not rely on the protective order's "no waiver" provisions to retroactively obtain confidential treatment of these

4

communications under the protective order.

## III. CONCLUSION

For the reasons explained above, the Court concludes that Twitter has not violated the protective order, and has not otherwise used or disclosed the parties' settlement communications in the *Twitter II* complaint in violation of any confidentiality obligations that might attach by operation of law.

**IT IS SO ORDERED.**

Dated: May 17, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge