1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TWITTER, INC.,

Plaintiff,

v.

VOIP-PAL.COM, INC.,

Defendant.

Case No. 20-CV-02397-LHK

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 75

Plaintiff Twitter, Inc. ("Twitter") sues Defendant VoIP-Pal.com, Inc. ("Defendant") for a declaration of non-infringement and invalidity of U.S. Patent No. 10,218,606 ("the '606 patent"). Before the Court is Defendant's motion to dismiss Twitter's complaint, ECF No. 62. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS Defendant's motion to dismiss.

I.      BACKGROUND

The instant case is one chapter in a long dispute between the parties regarding whether Twitter infringes Defendant's patents, which relate to a system for routing internet-protocol communications. Below, the Court discusses in turn: (1) the parties; (2) Defendant's first set of lawsuits against Twitter, Apple, AT&T, and Verizon, originally filed in the District of Nevada in 2016 ("the 2016 cases"); (3) Defendant's second set of lawsuits against Apple and Amazon,

1

1    originally filed in the District of Nevada in 2018 ("the 2018 cases"); (4) Defendant's third set of

2    lawsuits against Apple, AT&T, Verizon, Amazon, Facebook, and Google, filed in the Western

3    District of Texas in April of 2020 ("the 2020 Texas cases"); (5) Defendant's fourth set of lawsuits

4    against Apple, AT&T, Verizon, Amazon, Facebook, Google, and T-Mobile, filed in the Western

5    District of Texas in June of 2021 ("the 2021 Texas cases"); (6) the instant case, which was filed by

6    Twitter in April of 2020, regarding the '606 patent; and (7) Twitter's declaratory judgment action

7    regarding a related patent, filed in April of 2021. These lawsuits are relevant to the Court's ruling

8    on the instant motion to dismiss.

9        **A.  The Parties**

10           Plaintiff Twitter is a Delaware corporation with its principal place of business in San

11   Francisco, California. ECF No. 1 ¶ 7. Twitter "operates a global Internet platform for public self-

12   expression and conversation in real time." *Id.* ¶ 8. Twitter uses and sells "messaging services using

13   messaging application software and/or equipment, servers and/or gateways that route messages to

14   computing devices such as smartphones, tablet computers, and personal computers." *VoIP-*

15   *Pal.Com, Inc. v. Apple Inc.*, 375 F. Supp. 3d 1110, 1117 (N.D. Cal. 2019) (quotation omitted).

16           Defendant VoIP-Pal is a Nevada corporation with its principal place of business in Waco,

17   Texas. ECF No. 1 ¶ 8. Defendant owns a portfolio of patents relating to Internet Protocol based

18   communication. *VoIP-Pal.Com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926, 930 (N.D. Cal. 2019).

19       **B.  The 2016 Cases**

20           In 2016, Defendant filed the following cases against Twitter, Apple, AT&T, and Verizon

21   in the District of Nevada for infringement of U.S. Patent Nos. 8,542,815 ("the '815 patent"), and

22   9,179,005 ("the '005 patent"), which share a common specification, title, parent application,

23   inventors, and owner with the '606 patent at issue in the instant case:

24       - *VoIP-Pal.Com, Inc. v. Twitter, Inc.*, Case No. 18-CV-04523-LHK

25       - *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 18-CV-06217-LHK

26       - *VoIP-Pal.Com, Inc. v. Verizon Wireless Servs. LLC*, Case No. 18-CV-06054-LHK

27

28                                                2

*United States District Court*
*Northern District of California*

- *VoIP-Pal.Com, Inc. v. AT&T Corp.*, Case No. 18-CV-06177-LHK

The District of Nevada stayed the cases pending *inter partes* review. *Id.* After the stays were lifted, on February 28, 2018, Twitter moved to change venue to the Northern District of California. *VoIP-Pal.Com, Inc. v. Twitter, Inc.*, Case No. 16-CV-02338, 2018 WL 3543031, at *1 (D. Nev. July 23, 2018). On July 23, 2018, the District of Nevada granted Twitter's motion for change of venue to the Northern District of California. *Id.* On October 1, 2018, the District of Nevada granted Verizon and Defendant's stipulation to transfer the case to the Northern District of California. *VoIP-Pal.Com*, 375 F. Supp. 3d at 1121. On October 4, 2018, the District of Nevada granted AT&T and Defendant's stipulation to transfer the case to the Northern District of California. *Id.* The following day, the District of Nevada granted Apple and Defendant's stipulation to transfer the case to the Northern District of California. *Id.* As a result, all four cases were transferred to the Northern District of California and assigned to this Court, where they were consolidated.

On March 25, 2019, this Court granted Twitter, Apple, AT&T, and Verizon's consolidated motion to dismiss all four cases. *Id.* at 1117. In a 45-page order, the Court concluded that the '815 and '005 patents were unpatentable under 35 U.S.C. § 101. *Id.* at 1138, 1144. On March 16, 2020, the Federal Circuit affirmed this Court's decision. *VoIP-Pal.Com, Inc. v. Apple, Inc.*, 798 F. App'x 644, 645 (Fed. Cir. 2020). On May 18, 2020, the Federal Circuit denied Defendant's petition for panel or en banc rehearing. *VoIP-Pal.Com, Inc. v. Twitter*, Case No. 2019-1808, ECF No. 99.

**C. The 2018 Cases**

In 2018, Defendant filed the following cases against Apple and Amazon in the District of Nevada for infringement of U.S. Patent Nos. 9,537,762 ("the '762 patent"); 9,813,330 ("the '330 patent"); 9,826,002 ("the '002 patent"); and 9,948,549 ("the '549 patent"), which share a common specification, title, parent application, inventors, and owner with the '606 patent at issue in the instant case:

- *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 18-CV-06216-LHK

- *VoIP-Pal.Com, Inc. v. Amazon.com, Inc.*, Case No. 18-CV-07020-LHK

Case No. 20-CV-02397-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

The lawsuits against Apple and Amazon were transferred from the District of Nevada to this Court, where they were consolidated and related to the 2016 cases. *Id.*

On November 1, 2019, this Court granted Apple and Amazon's consolidated motion to dismiss both cases with prejudice. *Id.* at 930. As in the 2016 Cases, the Court concluded, in a 68-page order, that the four patents were unpatentable under 35 U.S.C. § 101. *Id.* at 941. On November 3, 2020, the Federal Circuit affirmed this Court's decision. *VoIP-Pal.Com, Inc. v. Apple, Inc.*, 828 F. App'x 717, 717 (Fed. Cir. 2020).

**D. The 2020 Texas Cases**

In April of 2020, Defendant filed the following cases against Apple, AT&T, Verizon, Amazon, Facebook, and Google in the Waco Division of the Western District of Texas for infringement of the '606 patent:

- *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA (W.D. Tex. Apr. 7, 2020)

- *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA (W.D. Tex. Apr. 2, 2020)

- *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269-ADA (W.D. Tex. Apr. 3, 2020)

- *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc..*, Case No. 20-CV-00272-ADA (W.D. Tex. Apr. 6, 2020)

- *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 20-CV-00325-ADA (W.D. Tex. Apr. 24, 2020)

- *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA (W.D. Tex. Apr. 24, 2020).

Like the six patents that were the subjects of the 2016 and 2018 Cases, the '606 patent relates to a system for routing communications over Internet Protocol. Specifically, the '606 patent shares a common specification, title, parent application, inventors, and owner with Defendants' six other patents that were examined by this Court in the 2016 and 2018 cases. *Compare* ECF No. 1-1 *with VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 18-CV-06217-LHK, ECF No. 1-2.

Case No. 20-CV-02397-LHK
ORDER GRANTING MOTION TO DISMISS

1    In July 2020, all six defendants moved for a stay pending the Northern District of

2    California's determination of jurisdiction over the instant cases or for transfer to the Northern

3    District of California. *See VoIP-Pal.Com, Inc. v. Facebook*, Case No. 20-CV-00267-ADA, ECF

4    No. 26; *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269- ADA, ECF No. 18; *VoIP-

5    Pal.Com, Inc. v. Amazon.Com, Inc.*, Case No. 20-CV-00272-ADA, ECF No. 26; *VoIP-Pal.Com,

6    Inc. v. Apple Inc.*, Case No. 20-CV00275-ADA, ECF No. 17; *VoIP-Pal.Com, Inc. v. AT&T, Inc.*,

7    Case No. 20-CV-00325-ADA, ECF No. 22; *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case

8    No. 20-CV-00327-ADA, ECF No. 17. On September 29, 2020, United States District Judge Alan

9    Albright of the Western District of Texas stayed the six cases pending before him. *See VoIP-

10   Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 43.

11   On March 24, 2021, following the Federal Circuit's denial of Defendant's petition for a

12   writ of mandamus, which the Court will discuss later, Defendant voluntarily dismissed

13   Defendant's 2020 case against Apple in the Western District of Texas. *VoIP-Pal.Com, Inc. v.

14   Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 49.

15   On March 24, 2021, Defendant consented to AT&T's motion to dismiss Defendant's 2020

16   case against AT&T in the Western District of Texas. *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No.

17   20-CV-00325-ADA, ECF No. 51. On March 25, 2021, Judge Albright granted AT&T's motion to

18   dismiss Defendant's 2020 case against AT&T without prejudice. *VoIP-Pal.Com, Inc. v. AT&T

19   Inc.*, Case No. 20-CV-00325-ADA, ECF No. 53.

20   On March 24, 2021, Defendant consented to Verizon's motion to dismiss Defendant's

21   2020 case against Verizon in the Western District of Texas. *VoIP-Pal.Com, Inc. v. Verizon

22   Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 47. On April 1, 2021, Judge Albright

23   granted Verizon's motion to dismiss Defendant's 2020 case against Verizon without prejudice.

24   *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 49.

25   On March 24, 2021, Defendant filed a notice of related cases in its 2020 cases against

26   Amazon, Facebook, and Google, which informed the Western District of Texas court of the instant

27   motion to dismiss and stated the following: "VoIP-Pal believes that the [instant motion to dismiss]

28

United States District Court
Northern District of California

5

Case No. 20-CV-02397-LHK
ORDER GRANTING MOTION TO DISMISS

1    resolve[s] or will soon resolve all pending actions involving the '606 patent between VoIP-Pal and

2    Apple, AT&T, and Verizon, who are the only parties in the above-identified cases that (1) have

3    co-pending declaratory judgment actions in the Northern District of California and (2) are

4    asserting first-filed status based on those actions. Additionally, because VoIP-Pal's covenant not

5    to sue in the Twitter case resolves or will soon resolve that action, there will soon be no pending

6    cases in the Northern District of California involving the '606 patent. As such, VoIP-Pal's WDTX

7    cases against Amazon, Google, and Facebook will soon be the only pending cases in any court

8    involving the '606 patent." *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA,

9    ECF No. 49.

10        Amazon, Facebook, and Google's motions for transfer to the Northern District of

11    California, which were filed in the Western District of Texas in July 2020, remain pending and

12    stayed. *See VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 26;

13    *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269- ADA, ECF No. 18; *VoIP-Pal.Com,

14    Inc. v. Amazon.Com, Inc.*, Case No. 20-CV-00272-ADA, ECF No. 26. Moreover, Defendant's

15    2020 cases against Amazon, Facebook, and Google remain pending in the Western District of

16    Texas and have been stayed since September 29, 2020. *See VoIP-Pal.Com, Inc. v. Facebook, Inc.*,

17    Case No. 20-CV-00267-ADA, ECF No. 38.

18    **E.  The 2021 Texas Cases**

19        On June 25, 2021, Defendant filed the following lawsuits against Apple, AT&T, Verizon,

20    Amazon, Facebook, Google and T-Mobile in the Waco Division of the Western District of Texas

21    for infringement of United States Patent Nos. 8,630,234 ("the '234 patent") and 10,880,721 ("the

22    '721 patent"):

23        - *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 21-CV-00670-ADA (W.D. Tex. June
24          25, 2021)

25        - *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 21-CV-00665-ADA (W.D. Tex.
             June 25, 2021)
26
27        - *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 21-CV-00667-ADA (W.D. Tex. June
             25, 2021)

28

Case No. 20-CV-02397-LHK
ORDER GRANTING MOTION TO DISMISS

- *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc..*, Case No. 21-CV-00668-ADA (W.D. Tex. June 25, 2021)

- *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 21-CV-00671-ADA (W.D. Tex. June 25, 2021)

- *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 21-CV-00672-ADA (W.D. Tex. June 25, 2021)

- *VoIP-Pal.Com, Inc. v. T-Mobile US, Inc.*, Case No. 21-CV-00674-ADA (W.D. Tex. June 25, 2021).

The '234 patent and the '721 patent concern the same technology as the patents involved in the 2016 cases, the 2018 cases, and the 2020 Texas case. Moreover, the 2021 cases involve the same accused products as the 2016 cases, and the 2020 Texas cases.

On June 30, 2021, AT&T sued Defendant in this district for a declaration of non-infringement and invalidity of the '234 patent and the '721 patent. *See* Case No. 21-CV-05078, ECF No. 1 (N.D. Cal. June 30, 2021). On July 1, 2021, Apple sued Defendant in this district for a declaration of non-infringement and invalidity of the '234 patent and the '721 patent. *See* Case No. 21-CV-05110, ECF No. 1 (N.D. Cal. July 1, 2021).

**F. The Instant Case**

On April 8, 2020, after Defendant sued Apple, Amazon, Facebook, and Google in the Western District of Texas for infringement of the '606 patent, Twitter sued Defendant for a declaration of non-infringement of the '606 patent in the Northern District of California. ECF No. 1. On April 21, 2020, this Court granted Twitter's motion to relate its declaratory judgment action to the 2016 case against Twitter. ECF No. 14.

On April 10, 2020, Apple sued Defendant in the Northern District of California for a declaration of non-infringement and invalidity of the '606 patent. Case No. 20-CV-02460-LHK, ECF No. 1 ("the Apple case"). On April 14, 2020, Apple amended its complaint to also seek a declaration of non-infringement and invalidity of U.S. Patent No. 9,935,872 ("the '872 patent"), another of Defendant's patents. Case No. 20-CV-02460-LHK, ECF No. 10.

On April 24, 2020, Defendant sued AT&T and Verizon in the Western District of Texas

7

Case No. 20-CV-02397-LHK
ORDER GRANTING MOTION TO DISMISS

1  for infringement of the '606 patent. *See VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 20-CV-

2  00325-ADA (W.D. Tex. Apr. 24, 2020); *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No.

3  20-CV-00327-ADA (W.D. Tex. Apr. 24, 2020). On April 30, 2020, AT&T sued Defendant in the

4  Northern District of California for a declaration of non-infringement and invalidity of the '606

5  patent. Case No. 20-CV-02995-LHK, ECF No. 1 ("the AT&T case"). On May 5, 2020, Verizon

6  sued Defendant in the Northern District of California for a declaration of non-infringement and

7  invalidity of the '606 patent. Case No. 20-CV-02460-LHK, ECF No. 1 ("the Verizon case").

8  On May 26, 2020, this Court related the instant case to the Apple, AT&T, and Verizon cases. ECF

9  No. 24.

10        On June 26, 2020, Twitter filed its First Amended Complaint. ECF No. 29 ("FAC").

11  Twitter's First Amended Complaint added a claim for a declaratory judgment of invalidity of the

12  '606 patent. *Id.* ¶¶ 35–46.

13        On July 10, 2020, Defendant filed a motion to dismiss the instant case. ECF No. 31. On

14  December 14, 2020, the Court denied Defendant's motion to dismiss. ECF No. 50. The Court

15  concluded that the Court had subject matter jurisdiction over the instant case because Defendant

16  had taken an affirmative act related to the enforcement of its patent rights by filing a previous

17  lawsuit against Twitter for infringement of patents that shared a common specification, title,

18  parent application, inventors, and owner with the '606 patent. *Id.* at 9–13. The Court also

19  concluded that the Court had personal jurisdiction over the instant case because Defendant had

20  purposefully directed its enforcement activities towards the forum state based on Defendant's

21  infringement litigation in this district. *Id.* at 13–22.

22        On July 10, 2020, Defendant filed a consolidated motion to dismiss the Apple case, the

23  AT&T case, and the Verizon case. ECF No. 32. On December 11, 2020, the Court denied

24  Defendant's motion to dismiss. ECF No. 60. The Court declined to apply the first-to-file rule in

25  favor of the 2020 Texas cases, which were filed days before the instant case, because the Court

26  concluded that it would be more efficient for this Court, which had already ruled on the

27  patentability of Defendant's six other related patents, to resolve the instant case. *Id.* at 9–14. The

28

8

Court also concluded that the Court had personal jurisdiction over the instant case because Defendant had purposefully directed its enforcement activities towards the forum state. *Id.* at 14–23.

On January 13, 2021, Defendant filed a petition for a writ of mandamus in the Federal Circuit regarding this Court's order on the consolidated motion to dismiss, where Defendant contended that this Court had abused its discretion in declining to apply the first-to-file rule. Case No. 20-CV-2460-LHK, ECF No. 63. On February 19, 2021, the Federal Circuit denied Defendant's petition for a writ of mandamus. *In re VoIP-Pal.Com, Inc.*, 845 F. App'x 940 (Fed. Cir. 2021). The Federal Circuit concluded that this Court did not clearly abuse its discretion in declining to apply the first-to-file rule. *Id.* at 941. The Federal Circuit held that "the conclusion that it would be far less efficient for the Western District of Texas to resolve these cases based on the Northern District of California's familiarity with the overlapping issues is particularity well supported" because the patents in the current cases and prior cases all shared a common specification, title, parent application, and inventors; the current cases and prior cases involved similar technology and accused products; and the Court had previously written a total of 113 pages on the validity of the patents. *Id.* at 942.

On February 25, 2021, following the Federal Circuit's decision on Defendant's petition for a writ of mandamus, this Court set a March 24, 2021 deadline for disclosure of asserted claims and infringement contentions in the instant case and the Apple case, which have the same case schedule. ECF No. 57.

On March 24, 2021, instead of serving asserted claims and infringement contentions, Defendant filed the instant motion to dismiss. ECF No. 62 ("Mot."). The instant motion to dismiss granted Twitter the following covenant not to sue:

> VoIP-Pal unconditionally and irrevocably covenants not to sue Twitter for infringement of any claim of the '606 patent based on the products and services that Twitter is currently making, using, selling, offering for sale, or importing, including but limited to the products and services Twitter states in the FAC do not infringe that patent, at any time before the date of this covenant.

1   Mot. at 3.

2       On April 7, 2021, Twitter filed an opposition. ECF No. 66 ("Opp'n").

3       On April 14, 2021, Defendant filed a reply. ECF No. 68 ("Reply"). Defendant's reply

4   changed the covenant not to sue to the following:

> VoIP-Pal.com, Inc. unconditionally and irrevocably covenants not to
> sue Twitter, Inc., now or in the future, for infringement of any claim
> of U.S. Patent No. 10,218,606 based on any products and services that
> Twitter is currently making, using, selling, offering for sale, or
> importing as of the date of this covenant or any products and services
> that Twitter, Inc. made, used, sold, offered for sale, or imported at any
> time before the date of this covenant.

9   Reply at 2.

### G.   Twitter's April 2021 Declaratory Judgment Action

11      On April 16, 2021, Twitter filed a lawsuit for a declaration of non-infringement of the '872

12  patent. *See* Case No. 21-CV-02769- LHK, ECF No. 1. In Twitter's complaint, Twitter alleges that,

13  on December 2, 2020, Defendant offered to pay Twitter $250,000 for Twitter to dismiss the

14  instant case for a declaratory judgment of non-infringement and invalidity of the '606 patent. *Id.* ¶

15  44

## II.   LEGAL STANDARD

### A.   Motion to Dismiss Under Rule 12(b)(1)

18      A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule

19  12(b)(1) of the Federal Rules of Civil Procedure. While lack of statutory standing requires

20  dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires

21  dismissal for want of subject matter jurisdiction under Rule 12(b)(1). *See Maya v. Centex Corp.*,

22  658 F.3d 1060, 1067 (9th Cir. 2011).

23      "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v.*

24  *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the

25  allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."

26  *Id.* The court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):

27  Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's

Case No. 20-CV-02397-LHK
ORDER GRANTING MOTION TO DISMISS

favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "[I]n a factual attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction," the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* The court "need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.*

Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B.  Leave to Amend

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

### III.    DISCUSSION

In the instant motion to dismiss, Defendant contends that the Court lacks subject matter jurisdiction over the instant case because Defendant granted Twitter a covenant not to sue. Mot. at 3–4. For the reasons below, the Court agrees that the Court lacks subject matter jurisdiction over

Case No. 20-CV-02397-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
Northern District of California

1    the instant case based on Defendant's covenant not to sue.

2        "A declaratory judgment counterclaim, according to the relevant procedural provision, may

3    be brought to resolve an 'actual controversy' between 'interested' parties." *Super Sack Mfg. Corp.*

4    *v. Chase Packaging Corp.*, 57 F.3d 1054, 1057 (Fed. Cir. 1995) (quoting 28 U.S.C. § 2201(a)).

5    "The existence of a sufficiently concrete dispute between the parties remains, however, a

6    jurisdictional predicate to the vitality of such an action." *Id.* The "actual controversy must be

7    extant at all stages of review, not merely at the time the complaint is filed." *Preiser v. Newkirk*,

8    422 U.S. 395, 401 (1975). The burden is on the plaintiff "to establish that jurisdiction over its

9    declaratory judgment action existed at, and has continued since, the time the [complaint] was

10   filed." *International Med. Prosthetics Research Assocs. v. Gore Enter. Holdings, Inc.*, 787 F.2d

11   572, 575 (Fed. Cir. 1986). "Whether an actual case or controversy exists so that a district court

12   may entertain an action for declaratory judgment of non-infringement and/or invalidity is

13   governed by Federal Circuit law." *3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed.

14   Cir. 2012) (quotation omitted).

15       The court has subject matter jurisdiction in a declaratory judgment action when "the facts

16   alleged, under all the circumstances, show that there is a substantial controversy, between parties

17   having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a

18   declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotation

19   omitted); *see also Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 883 (Fed. Cir. 2008) (stating

20   that, in determining whether subject matter jurisdiction exists in a declaratory judgment action,

21   "'all the circumstances' must be considered") (quoting *MedImmune*, 549 U.S. at 127). Under the

22   "all the circumstances" test, courts have "unique and substantial discretion in deciding whether to

23   declare the rights of litigants." *MedImmune*, 549 U.S. at 136 (quotation omitted).

24       The Federal Circuit has recognized that "a patentee defending against an action for an

25   declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a

26   covenant not to assert the patent at issue against the putative infringer with respect to any of its

27   past, present, or future acts." *Super Sack Mfg. Corp.*, 57 F.3d at 1058 (citing *Spectronics Corp. v.*

28                                                    12

United States District Court
Northern District of California

1    *H.B. Fuller Co., Inc.*, 940 F.2d 631, 636–38 (Fed. Cir. 1991)). However, a covenant not to sue

2    does not always divest a court of jurisdiction. *See ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365,

3    1370 (Fed. Cir. 2017) (recognizing that a covenant not to sue "sometimes" deprives a court of

4    subject matter jurisdiction); *see also Enplas Display Device Corp. v. Seoul Semiconductor Co.,*

5    *Ltd.*, 2015 WL 7874323, at *3 (N.D. Cal. Dec. 3, 2015) ("[A] covenant not to sue does not always

6    divest the trial court of jurisdiction over the case."). "Although a patentee's grant of a covenant not

7    to sue a potential infringer can sometimes deprive a court of subject matter jurisdiction, the

8    patentee bears the formidable burden of showing that it could not reasonably be expected to

9    resume its enforcement activities against the covenanted, accused infringer." *ArcelorMittal*, 856

10   F.3d at 1370 (internal quotation marks and citations omitted).

11          In assessing the impact of a covenant not to sue on subject matter jurisdiction in a

12   declaratory judgment action, courts consider all the circumstances. *See MedImmune*, 549 U.S. at

13   127 (stating that the court has subject matter jurisdiction when "the facts alleged, under all the

14   circumstances, show that there is a substantial controversy"). Accordingly, the Federal Circuit has

15   concluded that a covenant not to sue was not sufficient to divest the court of subject matter

16   jurisdiction when the patentee had already brought an infringement lawsuit or taken a significant

17   step towards such a lawsuit. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294,

18   1299 (Fed. Cir. 2009) (concluding that the court retained subject matter jurisdiction despite a

19   covenant not to sue because "[t]hese parties are already in infringement litigation initiated by the

20   patentee [and] the case has been pending since 2003"); *SanDisk Corp. v. STMicroelectronics, Inc.*,

21   480 F.3d 1372, 1382–83 (Fed. Cir. 2007) ("We decline to hold that [ST's representative's]

22   statement that ST would not sue SanDisk eliminates the justiciable controversy created by ST's

23   actions, because ST has engaged in a course of conduct that shows a preparedness and willingness

24   to enforce its patent rights"); *see also ActiveVideo Networks, Inc. v. TransVideo Elecs., Inc.*, 975

25   F. Supp. 2d 1083, 1097–98 (N.D. Cal. 2013) (listing factors that the Federal Circuit has considered

26   in determining whether a patentee has taken an affirmative act to support declaratory judgment

27   jurisdiction, including any prior litigation between the parties). By contrast, where the patentee

28

United States District Court
Northern District of California

had not brought an infringement lawsuit or engaged in a course of conduct that showed a

willingness to enforce its patent rights, the Federal Circuit has concluded that a covenant not to

sue was sufficient to divest the court of subject matter jurisdiction. *See Benitec Australia, Ltd. v.*

*Nucleonics, Inc.*, 495 F.3d 1340, 1347–48 (Fed. Cir. 2007) (concluding that a covenant not to sue

divested the trial court of subject matter jurisdiction where the covenant was made at an early

stage of the litigation and the patentee had not engaged in a course of conduct that showed a

willingness to enforce its patent rights).

In assessing the impact of a covenant not to sue on subject matter jurisdiction in a

declaratory judgment action, courts must consider what is covered by the covenant not to sue. *See*

*Revolution Eyewear, Inc*, 556 F.3d at 1297 ("Whether a covenant not to sue will divest the trial

court of jurisdiction depends on what is covered by the covenant"). "A useful question to ask in

determining whether an actual controversy exists is what, if any, cause of action the declaratory

judgment defendant may have against the declaratory judgment plaintiff." *Benitec*, 495 F.3d at

1344.

Considering all the circumstances, the Court concludes that the covenant not to sue divests

the Court of subject matter jurisdiction over the instant case, which seeks a declaration of non-

infringement and invalidity of the '606 patent. In 2016, Defendant filed an infringement lawsuit

against Twitter which asserted that Twitter infringed the '815 and '005 patents, which share a

common specification, title, parent application, inventors, and owner with the '606 patent. *See*

*VoIP-Pal.Com, Inc. v. Twitter, Inc.*, Case No. 18-CV-04523-LHK. The Federal Circuit has held

that prior litigation between the parties is relevant to determining whether subject matter

jurisdiction exists in a declaratory judgment action. *See ActiveVideo Networks, Inc.*, 975 F. Supp.

2d at 1097–98 (stating that the Federal Circuit has considered prior litigation between the parties

in determining whether subject matter jurisdiction exists).

However, since 2016, Defendant has not filed any additional lawsuits against Twitter

although Defendant has sued all of the other parties to the 2016 lawsuits—Apple, AT&T, and

Verizon—multiple times in the Western District of Texas. Specifically, Defendant has sued Apple,

14

AT&T, and Verizon for infringement of the '606 patent in the Western District of Texas, but Defendant has not sued Twitter for infringement of the '606 patent. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA (W.D. Tex. Apr. 7, 2020); *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 20-CV-00325-ADA (W.D. Tex. Apr. 24, 2020); *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA (W.D. Tex. Apr. 24, 2020). In addition, Defendant has sued Apple, AT&T, and Verizon for infringement of two related patents, the '234 patent and the '721 patent, in the Western District of Texas, but Defendant has not sued Twitter for infringement of these patents. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 21-CV-00670-ADA (W.D. Tex. June 25, 2021); *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 21-CV-00671-ADA (W.D. Tex. June 25, 2021); *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 21-CV-00672-ADA (W.D. Tex. June 25, 2021).

However, on June 4, 2020, counsel for Twitter asked counsel for Defendant whether Defendant would be willing to grant Twitter a covenant not to sue on the '606 patent. FAC ¶ 17. On June 11, 2020, counsel for Defendant responded as follows: "VoIP-Pal's position is that Twitter's declaratory judgment complaint lacked subject matter jurisdiction at the time it was filed and therefore should be dismissed. Accordingly, VoIP-Pal does not believe that a covenant not to sue needs to be discussed under the present circumstances. This response should not be construed as a refusal to grant a covenant not to sue." *Id.*

Additionally, in Twitter's lawsuit for a declaration of non-infringement of the '872 patent, Twitter alleges that, on December 2, 2020, Defendant offered to pay Twitter $250,000 for Twitter to dismiss the instant case for a declaratory judgment of non-infringement and invalidity of the '606 patent. *See* Case No. 21-CV-02769- LHK, ECF No. 1 ¶ 44

Defendant only gave Twitter a covenant not to sue on March 24, 2021, after the Federal Circuit denied Defendant's petition for a writ of mandamus in the Apple, AT&T, and Verizon cases. *See* Mot. at 3. Moreover, Defendant's covenant not to sue was filed on the same day that Defendant was ordered by this Court to serve asserted claims and infringement contentions. ECF No. 57. Rather than serving asserted claims and infringement contentions, Defendant filed a

1    motion to dismiss which included a covenant not to sue (hereinafter "the Motion to Dismiss

2    Covenant Not to Sue"). Mot. at 3.

3            In opposition to the instant motion to dismiss, Twitter contends that the Motion to Dismiss

4    Covenant Not to Sue is not sufficient to divest this Court of subject matter jurisdiction because (1)

5    the Motion to Dismiss Covenant Not to Sue does not cover future activities involving Twitter's

6    current products and services; and (2) the Motion to Dismiss Covenant Not to Sue does not

7    expressly extend to past products and services. Opp'n at 5–8.

8            However, in Defendant's reply, Defendant changed the text of the covenant not to sue

9    (hereinafter "Reply Brief Covenant Not to Sue"). Reply at 1. The Reply Brief Covenant Not to

10   Sue addresses both issues raised by Twitter. First, the Reply Brief Covenant Not to Sue covers

11   future activities involving "products and services that Twitter is currently making, using, selling,

12   offering for sale, or importing." *Id.* Second, the Reply Brief Covenant Not to Sue explicitly covers

13   Twitter's past products and services. *Id.* Specifically, the Reply Brief Covenant Not to Sue covers

14   "any products and services that Twitter, Inc. made, used, sold, offered for sale, or imported at any

15   time before the date of this covenant." *Id.* Accordingly, the Reply Brief Covenant Not to Sue

16   addresses both issues raised by Twitter.

17           Considering all the circumstances, the Court concludes that Defendant's covenant not to

18   sue divests the Court of subject matter jurisdiction over the instant case. *See Super Sack Mfg.*

19   *Corp.*, 57 F.3d at 1060 (concluding that a covenant not to sue divested the trial court of

20   declaratory judgment jurisdiction because "a patentee defending against an action for a declaratory

21   judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant

22   not to assert the patent at issue against the putative infringer"); *Benitec*, 495 F.3d at 1349

23   (concluding that a covenant not to sue divested the trial court of subject matter jurisdiction where

24   the covenant was made at an early stage of the litigation and the patentee had not engaged in a

25   course of conduct that showed a willingness to enforce its patent rights); *STMicroelectronics, Inc.*,

26   480 F.3d at 1382–83 (concluding that subject matter jurisdiction exists despite a statement that the

27   patentee would not sue where the patentee "has engaged in a course of conduct that shows a

28

United States District Court
Northern District of California

16

Case No. 20-CV-02397-LHK
ORDER GRANTING MOTION TO DISMISS

1    preparedness and willingness to enforce its patent rights"). Accordingly, the Court GRANTS

2    Defendant's motion to dismiss.

3           Twitter finally contends that, even if the Court lacks subject matter jurisdiction over the

4    instant case, the Court may consider motions for attorney's fees. The Court agrees. The United

5    States Supreme Court has held that even if a court determines that it lacks subject matter

6    jurisdiction, "such a determination does not automatically wipe out all proceedings had in the

7    district court," including motions for sanctions. *See Willy v. Coastal Corp.*, 503 U.S. 131, 137

8    (rejecting argument that "Rule 11 sanctions must be aborted because at a time after the

9    sanctionable conduct occurred, it was determined by the Court of Appeals that the District Court

10   lacked subject-matter jurisdiction"); *accord Kloberdanz v. Martin*, 203 F.3d 831 (9th Cir. 1999)

11   (stating that a court "has the power to impose sanctions after it has determined that it has no

12   subject matter jurisdiction"). Indeed, VoIP's reply does not contest the conclusion that this Court

13   can consider motions for attorney's fees even if the Court lacks subject matter jurisdiction over the

14   instant case. *See* Reply at 7–8 (contending that the Court should exercise its discretion not to

15   entertain a motion for attorney's fees). Accordingly, this Court may consider motions for

16   attorney's fees even if the Court lacks subject matter jurisdiction over the instant case.

### IV.    CONCLUSION

18          For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss.

19   **IT IS SO ORDERED.**

20

21   Dated: August 30, 2021

22                                                    _Lucy H. Koh_
                                                      _____
23                                                    LUCY H. KOH
                                                      United States District Judge
24

25

26

27

28
                                                      17

United States District Court
Northern District of California