UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TWITTER, INC.,

    Plaintiff,

v.

VOIP-PAL.COM, INC.,

    Defendant.

Case No. 3:20-cv-02397-JD

**ORDER RE MOTION FOR ATTORNEY'S FEES**

In this patent action, plaintiff Twitter, Inc., sought a declaratory judgment of non-infringement of U.S. Patent No. 10,218,606 (the '606 patent), owned by defendant VoIP-Pal.com, Inc. (VoIP). Dkt. No. 29 (amended complaint). The case was dismissed by another district judge after the parties executed a covenant not to sue, which divested the court of subject matter jurisdiction. Dkt. No. 89 at 14. Even so, the district judge concluded that Twitter could bring a motion for attorney's fees. *Id*. at 17. Twitter did just that, and the case and motion have been reassigned to this Court for disposition. Dkt. No. 93. The parties' familiarity with the record is assumed. The motion is denied.

This is not a matter of a fee award under the patent statute. Twitter's complaint was dismissed and it did not obtain any relief, and so it is not a prevailing party for statutory fee shifting purposes. *See* 35 U.S.C. § 285 (discretionary fee award to prevailing party); *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 603 (2001) ("[A] prevailing party is one who has been awarded some relief by the court."). Twitter's citations to cases construing Section 285 are not germane for this reason. *See, e.g.,* Dkt. No. 93 at 9-10. In addition, because the fee request is a non-patent law issue, our circuit's case law applies, and not the Federal Circuit's. *See Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1299 (Fed. Cir. 2004); *see also VersaTop Support Sys., LLC v. Georgia Expo, Inc.*, 921 F.3d 1364, 1395 (Fed. Cir. 2019) ("For review of non-patent law issues whose appeal reaches the Federal Circuit on pendent jurisdiction, we apply the law of the regional circuit in which the district court resides.").

Twitter seeks a fee award as a sanction under the Court's "inherent power" to discipline a party who has handled litigation in a manner manifesting bad faith. *Id*. at 9. Twitter does not rely upon Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927, which are the statutory grounds for imposition of fees as a sanction. Rather, Twitter banks on case law formulations to the effect that "a court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or in other grave circumstances where "the very temple of justice has been defiled." *Chambers v. NASCO, Inc.*, 510 U.S. 32, 46 (1991) (citations omitted). This authority is grounded in the principle that "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Id.* at 43 (quoting *Anderson v. Dunn,* 6 Wheat. 204, 227, 5 L.Ed. 242 (1821)); *see also McLellan v. Fitbit, Inc.*,16-cv-36-JD, 2018 WL 3549042 at *6 (N.D. Cal. Jul. 24, 2018) (federal courts are empowered to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (quotation omitted).

The parameters of bad faith conduct that might justify an award of fees are not subject to a precise formulation. *See Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001); *see also Miller v. Am. Family Mut. Ins. Co.*, 523 F. App'x 652, 654 (9th Cir. 2013) (unpublished) ("Bad faith or its equivalent may be demonstrated by a variety of types of willful actions."). The determination of whether a party acted in bad faith is entrusted to the Court's discretion, guided by restraint and the principle that fees should be awarded in "narrowly defined circumstances," consistent with our long-standing "American rule" against fee shifting in most cases. *Chambers*, 501 U.S. at 44-45; *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

Overall, the circumstances here do not warrant a fees sanction. The salient facts are that Twitter got what it wanted from VoIP, namely a covenant not sue, and had its complaint against VoIP dismissed on that basis. It may be that Twitter found VoIP's conduct along the way to be exasperating and frustrating, *see, e.g.,* Dkt. No. 93 at 5-6, but the unalterable fact is that Twitter obtained a good result in the covenant not to sue without appearing to have paid any consideration for it. *See* Dkt. No. 62. VoIP cannot be faulted for trying to negotiate a better deal for itself, or engaging in some motions and other litigation, before agreeing to the covenant. That VoIP may

2

have lost some court battles does not warrant sanctions in the form of a fee award. *Velasquez v. 2048 Partners, LLC*, 18-cv-6184-JD, 2020 WL 3035791, at *1 (N.D. Cal. Jun. 5, 2020) ("The mere fact that a party lost cannot establish his objective unreasonability.") (quoting *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013)). So too for Twitter's insistence that VoIP's litigation posture as a whole was untenable because the '606 patent is directed to patent ineligible subject matter. Dkt. No. 93 at 11. Patents are presumed to be valid, *see Galderma Labs., L.P. v. Tolmar, Inc.*, 737 F.3d 731, 736 (Fed. Cir. 2013), and Twitter did not identify a decision invalidating the '606 patent. Twitter's references to different patents with less favorable outcomes does not justify leaping to the conclusion that the '606 patent is invalid.

Many of Twitter's complaints do not even involve conduct in this case. It appears that VoIP is a frequent flyer in patent litigation, and Twitter catalogs a litany of incidents said to have happened in other cases in different courts. Dkt. No. 93 at 3-4. Being a litigious party is not in itself an indicator of bad faith conduct, *see In re Protegrity Corp.*, 15-md-2600-JD, 2017 WL 747329, at *4 (N.D. Cal. Feb. 27, 2017) ("[T]hat it eventually sued a number of other parties does not mandate negative inferences about the merits or purpose of this suit."), and Twitter has not demonstrated that the high bar for a vexatious litigant declaration has been satisfied here, *see, e.g.*, *Ringgold-Lockhart v. Cty. of L.A.*, 761 F.3d 1057, 1062 (9th Cir. 2014); *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021).

**IT IS SO ORDERED.**

Dated: July 1, 2022

JAMES DONATO
United States District Judge